CINCINNATI BAR ASSOCIATION *v.* CROMWELL.

[Cite as *Cincinnati Bar Assn. v. Cromwell* (1998), 82 Ohio St.3d 255.]

(No. 98–95—Submitted March 25, 1998—Decided June 24, 1998.)

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

*Dinsmore & Shohl LLP* and *Douglas W. Campbell; Beckman, Weil, Shepardson & Faller, LLC* and *Sally Y. Moore,* for relator.

*Elwood L. Cromwell III, pro se.*

*Per Curiam.* We adopt the findings and conclusions of the board. As the board correctly noted, the practice of law includes representing others with regard to their causes of action for personal injury, communicating with insurance companies about claims, making representations to creditors on behalf of third parties, and advising persons of their rights, and the terms and conditions of settlement. *Cincinnati Bar Assn. v. Fehler–Schultz* (1992), 64 Ohio St.3d 452, 597 N.E.2d 79; *Stark Cty. Bar Assn. v. George* (1976), 45 Ohio St.2d 267, 74 O.O.2d 425, 344 N.E.2d 132. Not having been registered to practice law in Ohio, respondent, by his actions, was engaged in the unauthorized practice of law in Ohio. Respondent is hereby enjoined from engaging in any further activities that might constitute the unauthorized practice of law. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.