CINCINNATI BAR ASSOCIATION *v.* TELFORD.

[Cite as *Cincinnati Bar Assn. v. Telford* (1999), 85 Ohio St.3d 111.]

(No. 98–2558—Submitted January 27, 1999—Decided March 17, 1999.)

112

Strauss & Troy and Steven F. Stuhlbarg; Taft, Stettinius & Hollister, L.L.P., and Charles F. Croog, for relator.

James F. McDaniel, for respondent.

**Per Curiam.** We adopt the findings, conclusions, and recommendation of the board. Under Gov.Bar R. VII(2)(A), the "unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio * * *." The practice of law is not restricted to appearances in court; it also encompasses giving legal advice and counsel. *Cleveland Bar Assn. v. Misch*

(1998), 82 Ohio St.3d 256, 259, 695 N.E.2d 244, 246–247; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28, 1 O.O. 313, 315, 193 N.E. 650, 652.

Respondent gave legal advice to defendants in pending lawsuits in an attempt to settle those cases. In fact, in the Kersting matter, respondent gave *erroneous* legal advice to Kersting by specifying a potential damage liability far exceeding the actual sum requested by the plaintiff in that case. In the Gallant matter, respondent informed the plaintiff's attorney that he should remove a third-party from the lawsuit, and in the Brownstone case, respondent sent a proposed settlement of the suit to the plaintiff's counsel.

As we recently held, the practice of law includes "making representations to creditors on behalf of third parties, and advising persons of their rights, and the terms and conditions of settlement." *Cincinnati Bar Assn. v. Cromwell* (1998), 82 Ohio St.3d 255, 256, 695 N.E.2d 243, 244. Neither respondent's statements in his solicitation letters that he was not an attorney and was not giving legal advice nor the powers of attorney executed by his clients insulated respondent, a non-attorney, from the unauthorized practice of law. See *Akron Bar Assn. v. Miller* (1997), 80 Ohio St.3d 6, 8–9, 684 N.E.2d 288, 291; *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 278, 703 N.E.2d 771, 772.

Based on the foregoing, we find that respondent engaged in the unauthorized practice of law. Respondent is hereby enjoined from the further practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.