OHIO STATE BAR ASSOCIATION *v.* KOLODNER ET AL.

[Cite as *Ohio State Bar Assn. v. Kolodner,*
103 Ohio St.3d 504, 2004-Ohio-5581.]

(No. 2004–1045—Submitted August 17, 2004—Decided Nov. 3, 2004.)

———————

**Per Curiam.**

{¶ 1} On November 5, 2002, relator, Ohio State Bar Association, charged that respondent Robert Kolodner of Tampa, Florida, had engaged in the unauthorized practice of law in an individual and in a corporate capacity while doing business as respondents Abraham & Christiansen, Inc., Solomon & Forbes, Inc., and Jacobs & Mathews, Inc. The Board of Commissioners on the Unauthorized Practice of Law considered the cause on the parties' stipulations of fact and waiver of notice and hearing. Gov.Bar R. VII(7)(C). Accepting these filings, the board made the following findings of fact, conclusions of law, and recommendation.

{¶ 2} Kolodner conducted business in Ohio prior to 1999 as president of Abraham & Christiansen, Inc., a company that negotiated collection claims on behalf of debtors, including drawing up settlement agreements between the debtor and creditor, for a fee. After changing its name to Solomon & Forbes, Inc., Kolodner sold his company in 1999 and established Jacobs & Mathews, Inc., another company that negotiated collection claims, at times drawing up settlement agreements between the debtor and creditor. Kolodner continues to serve as president and sole shareholder of Jacobs & Mathews, Inc., which remains in business today, and no longer has any affiliation with Abraham & Christiansen, Inc. or Solomon & Forbes, Inc.

{¶ 3} Kolodner is not and has never been an attorney licensed or admitted to practice law in Ohio or any other state or jurisdiction. During the years from 1997 to the date of relator's complaint, however, Kolodner provided and was paid for legal services to Ohio residents within the state of Ohio on an individual basis and while doing business as Abraham & Christiansen, Inc., Solomon & Forbes, Inc., or Jacobs & Mathews, Inc. As examples of these services, the parties stipulated that the respondents advised, counseled, and represented various customers regarding payment of their outstanding debts and negotiated settlements of the debts. Moreover, at times when others referred to Kolodner in pleadings or correspondence by placing the term "Esquire" after his name, thereby implying that they believed he was an attorney at law, Kolodner did not rectify any misperception. Kolodner also referred to himself on at least one occasion as debtor's attorney-in-fact while attempting to negotiate on the debtor's behalf.

{¶ 4} Based on this conduct, Kolodner conceded that he had engaged in the unauthorized practice of law while acting individually or doing business as Abraham & Christiansen, Inc., Solomon & Forbes, Inc., and Jacobs & Mathews, Inc.

{¶ 5} Kolodner also admitted that he had previously consented to a decree and injunction in the state of Florida pursuant to which he had acknowledged that his services to debtor-clients in that state constituted the unauthorized practice of law. Prior to the proceedings at bar, Kolodner had already served a one-year

probation in Florida for these unlawful activities. He stated that neither he nor Jacobs & Mathews has since engaged in settlement negotiations on a debtor's behalf in that state. Kolodner stated that as of July 30, 2003, Kolodner and Jacobs & Mathews, Inc., had similarly ceased "advising, counseling, and/or negotiating" on behalf of debtors in Ohio.

{¶ 6} The board found that respondents had engaged in the unauthorized practice of law in Ohio. The board recommended, consistent with the disposition suggested by the parties, that Kolodner be enjoined from engaging in the unauthorized practice of law as follows:

{¶ 7} "A. Respondent will not represent debtors in Ohio by advising, counseling, and/or negotiating resolution of their debts with creditors or creditors' counsel;

{¶ 8} "B. Unless Respondent becomes an attorney at law licensed to practice law in Ohio, Respondent will not provide legal advice to any person in Ohio, including, but not limited to, advice regarding a person's rights as a debtor or as a defendant in a lawsuit or regarding the terms and conditions of a settlement of any dispute.

{¶ 9} "C. Respondent Kolodner agrees that he and his companies have ceased and will not re-engage in the conduct referenced herein, in the State of Ohio, to wit:

{¶ 10} "i. Respondent will not hold himself out to be an attorney admitted to practice law;

{¶ 11} "ii. In the event that any person incorrectly addresses him, by correspondence or otherwise, as being an attorney, by 'Esquire' or otherwise, Respondent will immediately correct any such person, clarifying to them that he is not an attorney admitted to practice law;

{¶ 12} "iii. In all correspondence, letterheads, forms, or written communication used by Respondent for business purposes, Respondent will not in any way convey the impression that he is an attorney and that any name that he is doing business under is not a law firm. [Sic.] In all correspondence, letterheads, forms, or written communication used by Respondent for his business purposes, Respondent will clearly and conspicuously state that he is not an attorney, that his business is not a law firm, and that he cannot provide any legal advice, including advice about a person's rights as a debtor or as a defendant in a lawsuit, or about the terms and conditions of settlement of any dispute;

{¶ 13} "iv. Respondent will notify in writing, at Respondent's expense, all parties that have been represented by Respondent in Ohio since Respondent began doing business as Jacobs & Mathews, Inc. Such notification shall include a copy of the findings of the Board of Commissioners on the Unauthorized Practice

of Law of the Supreme Court of Ohio, as well as the final determination rendered by the Supreme Court of Ohio with regard to this case. A copy of all such notices shall be forwarded to Relator's counsel.

{¶ 14} "D. Because Respondent had been ordered to cease and desist from his unauthorized practice of law in the State of Florida prior to his commencement of the same conduct in the State of Ohio, and because Respondent continued his unauthorized practice of law in the State of Ohio for over six months after being served with Relator's Complaint, the Board recommends that a fine in the amount of $1,000 be entered against Respondent pursuant to Gov.Bar R. VII(19)(D)(1)(c)."

{¶ 15} We concur in the board's findings and recommendation. Section 2(B)(1)(g), Article IV of the Ohio Constitution gives this court exclusive jurisdiction over all matters relating to the practice of law. The unauthorized practice of law consists of rendering legal services for another by any person not admitted to practice law in Ohio, see Gov.Bar R. VII(2)(A), and includes representation by a nonattorney who advises, counsels, or negotiates on behalf of an individual or business in the attempt to resolve a collection claim between debtors and creditors. *Cincinnati Bar Assn. v. Telford* (1999), 85 Ohio St.3d 111, 707 N.E.2d 462; *Cincinnati Bar Assn. v. Cromwell* (1998), 82 Ohio St.3d 255, 695 N.E.2d 243. Injunctive relief prohibiting such unauthorized representation is required for the public's protection, and a civil penalty is appropriate. *Toledo Bar Assn. v. Chelsea Title Agency of Dayton, Inc.*, 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29.

{¶ 16} Accordingly, respondents are hereby enjoined from any further conduct that constitutes the unauthorized practice of law. In accordance with the board's recommendation, respondents shall also comply with the following stipulated terms:

{¶ 17} 1. Kolodner will not represent debtors in Ohio by advising, counseling, or negotiating resolution of their debts with creditors or creditors' counsel;

{¶ 18} 2. Unless Kolodner becomes an attorney at law licensed to practice law in Ohio, Kolodner will not provide legal advice to any person in Ohio, including, but not limited to, advice regarding a person's rights as a debtor or as a defendant in a lawsuit or regarding the terms and conditions of a settlement of any dispute;

{¶ 19} 3. Kolodner will not hold himself out as an attorney admitted to practice law;

{¶ 20} 4. In the event that any person incorrectly addresses him, by correspondence or otherwise, as being an attorney, by "Esquire" or otherwise, Kolodner

will immediately correct the person, clarifying that he is not an attorney admitted to practice law;

{¶ 21} 5. In all correspondence, letterheads, forms, or written communication used by Kolodner for business purposes, Kolodner will not in any way convey the impression that he is an attorney or that any name that he is doing business under is the name of a law firm. In all correspondence, letterheads, forms, or written communication used by Kolodner for his business purposes, Kolodner will clearly and conspicuously state that he is not an attorney, that his business is not a law firm, and that he cannot provide any legal advice, including advice about a person's rights as a debtor or as a defendant in a lawsuit or about the terms and conditions of settlement of any dispute;

{¶ 22} 6. Kolodner will notify in writing, at his expense, all parties that he has attempted to represent in Ohio since he began doing business as Jacobs & Mathews, Inc., that he is not a lawyer. The notification shall include a copy of our decision. A copy of all such notices shall be forwarded to relator's counsel.

{¶ 23} 7. Kolodner is further fined $1,000 and ordered to pay the costs and expenses of this proceeding.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———

Eugene P. Whetzel, General Counsel, Fanger Law Office and Jeffrey J. Fanger, and Jones Day and David A. Kutick, for relator.

Charles J. Kettlewell and Charles W. Kettlewell, for respondents.