S03U1732. In re UPL ADVISORY OPINION 2003-1.

(623 SE2d 464)

PER CURIAM.

This Court granted a petition for discretionary review brought by the State Bar of Georgia to consider the opinion of the Standing Committee on the Unlicensed Practice of Law (hereafter "UPLSC") that an individual or entity who represents a debtor in negotiations with a creditor's attorney in an effort to reduce the amount of the debt or work out a payment plan is engaging in the unauthorized practice of law. UPL Advisory Opinion No. 2003-1 (March 21, 2003). See State Bar Rule 14-9.1 (g) (3) (authorizing this Court to grant petition for discretionary review or review an opinion on its own motion). Under the facts presented, we conclude that the individual is applying legal principles and judgment in achieving the objectives of the debtor. We, therefore, hold that the company and the non-lawyer directing the company are engaging in the unauthorized practice of law. Accordingly, we approve Advisory Opinion 2003-1.

The matter came before the UPLSC pursuant to a request from a member of the State Bar of Georgia seeking an advisory opinion under State Bar Rule 14-9.1 (b) as to whether the following hypothetical constitutes the unlicensed practice of law:

An attorney representing a creditor on an account files a lawsuit against a debtor. The attorney receives a letter and agency power of attorney from a company stating that it has

been authorized to act as the agent for the debtor in settlement negotiations. Is the company engaged in the unlicensed practice of law? Is the individual directing the company engaged in the unauthorized practice of law?

Notice of a public hearing was published, and was conducted before the UPLSC in accordance with Bar Rule 14-9.1 (f) (1). Comments were invited from interested persons. The UPLSC heard from the owner of one such company ("the company") who is engaged in the business of debt negotiation. This individual explained the nature of his business, as follows: Through public courthouse records, the company learns of a pending debt collection lawsuit; typically the debt ranges from $500 to $8,000. The company contacts the debtor by letter and offers to be of assistance. The letter contains a statement that the company is a "non-attorney mediation firm" and the debtor is told to disregard the letter if he has retained or intends to retain an attorney. If the debtor responds, he is informed that the company, if retained, will contact the creditor's attorney and attempt to negotiate a payment schedule. The company representative then will meet with the debtor to assess the debtor's means and ability to pay the debt. The debtor signs a limited power of attorney authorizing the company to act on his behalf to effect a payment plan with the creditor. The company advises the debtor that it is not a law firm and cannot advise the debtor on any legal issues now pending or which may arise. The company generally receives a fee for its services.

The company will then forward the power of attorney to the creditor's attorney, along with a summary of the debtor's financial situation and a proposal for payment of the debt. That document states that the company is a "non-attorney alternative dispute resolution and mediation firm." If a settlement is agreed upon, the creditor's attorney will draft any necessary legal documents and send them directly to the debtor, and any funds in the transaction are handled between the debtor and the creditor's attorney.

The UPLSC also heard from a representative of the Creditor's Rights Section of the State Bar who expressed mixed views from its membership, and who sought guidance from the UPLSC in this regard.

The UPLSC subsequently issued Advisory Opinion 2003-1, concluding that the above-described practice of debt mediation amounted to the representation of a party to a lawsuit in settlement negotiations and thus constituted the unauthorized practice of law.

In pertinent part OCGA § 15-19-50 defines the practice of law as: "(5) The giving of any legal advice; and (6) Any action taken for others in any matter connected with the law." Under the specific facts of this case, the company is required to exercise legal judgment to assess the

validity and value of a creditor's claim, evaluate procedural and evidentiary issues which may affect the outcome of the litigation, and advise clients as to their legal rights and obligations with regard to the debt and reasonableness of a settlement offer. Thus, under OCGA § 15-19-50, the company and non-lawyer representing the company are engaging in the unauthorized practice of law.

Under very similar circumstances, the Supreme Court of Ohio held that giving legal advice and counsel to defendants in collection proceedings in an attempt to settle those cases constituted the unauthorized practice of law. *Cincinnati Bar Assn. v. Telford,* 85 Ohio St. 3d 111 (707 NE2d 462) (1999). That court ruled:

> the practice of law includes "making representations to creditors on behalf of third parties, and advising persons of their rights, and the terms and conditions of settlement." [Cit.] Neither respondent's statements in his solicitation letters that he was not an attorney and was not giving legal advice nor the powers of attorney executed by his clients insulated respondent, a non-attorney, from the unauthorized practice of law.

Id. at 113. *Telford* comports with our statutory definition of the practice of law and provides further support for our ruling. In other instances, a determination of what constitutes the practice of law in this state must be decided on a fact-specific inquiry.

*UPL Advisory Opinion approved. All the Justices concur.*

DECIDED NOVEMBER 21, 2005 —
RECONSIDERATION DENIED JANUARY 17, 2006.

*William P. Smith III, General Counsel State Bar, Robert E. McCormack III, John J. Shiptenko, Assistant General Counsel State Bar,* for State Bar of Georgia.