OPINION
{¶ 1} This appeal emanates from an order of the Ashtabula County Court of Common Pleas entering summary judgment in favor of appellees, Fred Regna, Nancy Lupton, Steve Wilson, Dale Cameron, Russel Cameron, and Heather Regna, on July 28, 2005.
 {¶ 2} On March 22, 2004, plaintiffs, WJW Enterprises, Inc., Foreclosure Consultants, Inc., and James Warsing, the latter of whom is the appellant in this appeal, filed a complaint in the Ashtabula County Court of Common Pleas alleging the existence of a non-competition and non-solicitation agreement between the parties and its breach by appellees seeking injunctive relief and compensatory damages.
 {¶ 3} On April 16, 2004, appellant filed an amended complaint against appellees alleging seven causes of action including injunctive relief; breach of contract; tortuous interference with business relationships; misappropriation of proprietary, confidential information and trade secrets; civil conspiracy; defamation; and also seeking punitive damages.
 {¶ 4} On May 24, 2004, appellees filed a joint answer in the form of a general denial. Subsequently, on December 13, 2004, appellees filed a motion for summary judgment to which appellant and plaintiffs below filed its matter contra on January 6, 2005. The trial court then scheduled a technical hearing on the motion for summary judgment for January 14, 2005.
 {¶ 5} On July 28, 2005, the trial court issued its summary judgment in favor of appellees against all three plaintiffs. Appellant filed a motion for reconsideration which the trial court denied on August 29, 2005.
 {¶ 6} Appellees were employed by plaintiff WJW Enterprises, Inc., and as a condition of their employment, each appellee signed a non-competition agreement.
 {¶ 7} Appellant submits that it was engaged in an enterprise specializing in consumer debt counseling serviced together with plaintiff Foreclosure Consultants, Inc., which negotiated on behalf of individuals named in foreclosure actions and in jeopardy of losing their homes.
 {¶ 8} Appellee Fred Regna stated in his affidavit that the practice of the plaintiffs was to obtain a power of attorney in order to represent such individuals in the foregoing debtor exercises.
 {¶ 9} Appellant, on the other hand, contends that documentation in the form of affidavits, solicitations, advertisements and contracts with customers established that appellees violated the non-competition agreements. Further, appellant contends that the plaintiffs operated their business primarily in Ohio, Pennsylvania, and Indiana, and that the appellees have used trade secrets to start competing businesses for which the plaintiffs sought injunctive relief.
 {¶ 10} Appellees further contend that appellant and/or the plaintiffs below did not adequately supply materials pursuant to Civ.R. 56(C) in responding to their motion for summary judgment. Specifically, appellees say that the only Civ.R. 56(C) item attached to plaintiffs' brief in response to appellees' motion was a two page affidavit of appellant dated July 17, 2004, which was the same affidavit attached to the amended complaint, and that that particular affidavit does not contest nor respond to the affidavits of Fred Regna and Jerome A. Lemire regarding or even referencing the unauthorized practice of law claim advanced by appellees in support of their motion for summary judgment.
 {¶ 11} Only appellant filed his notice of appeal on August 11, 2005. The other plaintiffs below are not parties to this appeal. Appellant submits the following three assignments of error:
 {¶ 12} "[1.] The trial court erred to the prejudice of [a]ppellant by relying upon the affidavit of an `expert' prepared and executed by appellees' counsel of record.
 {¶ 13} "[2.] The trial court erred to the prejudice of [a]ppellant by granting summary judgment in violation of [Civ.R.] 56 of the Ohio Rules of Civil Procedure and Ohio law.
 {¶ 14} "[3.] The trial court erred to the prejudice of [appellant] by granting summary judgment as to the tortuous interference, misappropriation, civil conspiracy, defamation, and punitive damages causes of action as such were neither argued nor addressed by [a]ppellees or the lower court."
 {¶ 15} Under his first assignment of error, appellant indicates that although the plaintiffs' amended complaint in the trial court alleged seven causes of action, the sole argument presented by appellees in support of their motion for summary judgment was the "`engage(ing) in the unauthorized practice of law,'" and that thus the non-compete contracts were unenforceable.
 {¶ 16} In order for a summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 17} The Ohio Supreme Court stated in Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the recordwhich demonstrate the absence of a genuine issue of fact on amaterial element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 18} If the moving party satisfies this burden, then the nonmoving party has the burden, pursuant to Civ.R. 56(E), to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. TheBrown court stated, "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 19} Appellees' allegation that the plaintiffs engaged in the unauthorized practice of law was based on the affidavit of co-counsel, Jerome A. Lemire ("Attorney Lemire"), and that that particular affidavit in substance was in effect expert testimony. Appellant urges that that particular evidential material was unethical, incorrect, and without proper foundation. In support of this argument, appellant references Mentor Lagoons, Inc. v.Rubin (1987), 31 Ohio St.3d 256, in which he contends that the Ohio Supreme Court held that it is inappropriate for an attorney to testify as a witness for his client because in so doing he may breach ethical requirements as prohibited by Disciplinary Rule 5-102(A). Appellant thus concludes that under the foregoing circumstances the trial court was required to either strike this affidavit or disqualify Attorney Lemire from the case and that none of the exceptions delineated in Disciplinary Rule 5-102(A) are applicable.
 {¶ 20} Further, appellant urges that appellees did not submit expert testimony consistent with the applicable Rules of Evidence, specifically Evid.R. 702. Appellant argues that appellees' submission of Attorney Lemire's expert opinion lacked a proper evidential foundation, and, thus, did not comport with Civ.R. 56(E). Specifically, he contends appellees failed to provide a basis for his qualifications to opine on the unauthorized practice of law, did not identify the applicable standard of care for this issue, and was fraught with legal conclusions. In addition, appellant argues that affiant's opinion was not based on personal knowledge and no showing was made about his competency to make the statements contained in the affidavit let alone address any personal knowledge of the underlying facts.
 {¶ 21} On the other hand, appellees point out that none of the other plaintiffs or appellant objected to Attorney Lemire's affidavit, nor was any request to strike submitted by them. Appellees also point out that the trial court's reasoning in reaching its decision on the summary judgment motion made no reference to Attorney Lemire's affidavit. Appellees suggest the trial court reached its analytical logic in large part based on the affidavit of appellee Fred Regna, content of the non-competition agreement, and the United Foreclosures' Managers' letter with respect to the methodology employed by appellant, and plaintiffs WJW Enterprises, Inc. and Foreclosure Consultants, Inc. This observation is consistent with the language in the trial court's judgment entry, "based on the affidavit of Fred Regna and the inferences to be drawn from the Noncompetition Agreement and the United Foreclosure Managers' letter, that the business of the Plaintiffs and the Defendants was to advise individuals who were in jeopardy of having their homes foreclosed upon."
 {¶ 22} Appellees also reference the comment included in plaintiffs' brief contra summary judgment that the affidavit from Attorney Lemire is a legally sufficient basis upon which to grant a motion for summary judgment in a legal malpractice action absent an opposing affidavit of a qualified expert witness for plaintiff.
 {¶ 23} Finally, appellees refer to this court's rationale on this subject in our decision, Horwatt v. Cunningham (Apr. 19, 1996), 11th Dist. No. 95-L-100, 1996 Ohio App. LEXIS 1550, in which we stated, "[a]lthough the affidavit may or may not have been sufficient, we need not discuss this issue because appellants failed to object to this evidence when it was presented before the trial court." Id. at 6, citing Stegawski v.Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78,83. We agree with appellees that our reasoning in Horwatt
applies here.
 {¶ 24} Consequently, we conclude that appellant's first assignment of error is without merit.
 {¶ 25} In his second assignment of error, appellant claims that the granting of summary judgment was not supported with competent and credible evidence as required under Civ.R. 56 with respect to the claim of the unauthorized practice of law by the plaintiffs. Appellant concedes that the practice of law is not restricted to appearances in court and may obtain upon the submission of legal advice of counsel. Specifically, appellant claims that appellee Fred Regna's affidavit did not even allege that plaintiffs gave legal advice or counseled its customers regarding their financial problems and that if necessary the customer was always referred to an attorney. Appellant further states these facts were admitted by appellee Fred Regna in his affidavit.
 {¶ 26} Further, appellant states that appellees' reliance onOhio State Bar Assn. v. Kolodner, 103 Ohio St.3d 504,2004-Ohio-5581, is wholly inapplicable to the factual predicate in this case. Appellant references other case authority to the effect that in certain areas, such as unemployment compensation matters and broker activities, certain legal practices by non-lawyers are allowed. Appellant expressly denies that they were providing legal services to their clients.
 {¶ 27} In addition, appellant takes issue with appellees' contention, as well as his claim regarding the trial court's position, that no contrary competent, credible evidence was presented pursuant to Civ.R. 56. Appellant contends that his affidavit clearly averred that the plaintiffs were never engaged in the unauthorized practice of law and that they never represented expressly or impliedly to any of their clients or lay persons that they were licensed attorneys, and that the authorizations by way of powers of attorney that were executed by their customers granted plaintiffs the ability to speak on behalf of them in dealing with lenders or creditors. Appellant, thus concludes, that the functions performed in behalf of its customers were limited in nature and in essence under the penumbra of financial assistance only.
 {¶ 28} On the other hand, appellees aver that the affidavit referenced by appellant had been prepared some six months before appellees filed their motion for summary judgment and that it did not at all focus on the thrust of their motion and seek support for their position on that affidavit of appellant's on the following language from page two of the judgment entry of the trial court of July 28, 2005: "that the affidavit of James Warsing does not mention the actual business endeavors of the Plaintiffs. Mr. Warsing's affidavit only refers to various alleged Noncompetition Agreements signed by the Defendants * * *." Thus, appellees urged that the referenced affidavit of appellant and the documents attached to its trial brief contra do not refute the allegations and factual material contained in its motion for summary judgment.
 {¶ 29} Appellees further posit that the affidavit of appellee Fred Regna was particularly fact specific based on his direct experience working with plaintiffs below, including several references to activities falling within the ambit of the unauthorized practice of law.
 {¶ 30} Contrary to appellant's view of the Kolodner case, appellees advance the position that in essence, the underlying material presented in support of their claim of the unauthorized practice of law complies with the pertinent factors as set forth in Kolodner, the plaintiffs below engaged in negotiations of foreclosure cases and were significantly involved in protracted negotiations in attempts to reach settlement agreements in behalf of their customers. We agree with appellees' position that the referenced submissions in support of their motion manifest that there is no genuine issue of material fact as to whether the conduct of appellant and plaintiffs below constituted the unauthorized practice of law.
 {¶ 31} Consequently, the second assignment of error is overruled.
 {¶ 32} In his third assignment of error, appellant incisively takes the position that the trial court erred by granting summary judgment as to his seven causes set forth in the amended complaint because appellees did not submit any evidence with regard to five of those specific causes of action, namely, (1) tortuous interference with business relationships; (2) misappropriation of proprietary, confidential information and trade secrets; (3) civil conspiracy; (4) defamation; and (5) punitive damages. Also, appellant indicates that the trial court granted summary judgment on the singular conclusion that it could not enforce any contract that is detrimental to the public welfare, and concludes by saying that such analysis by the trial court was not applicable to the contracts involved here. Succinctly, appellant's argument here is simply the trial court addressed only the contractual claims, and that the other causes of action were not addressed at all and should have proceeded to trial.
 {¶ 33} To the contrary, appellees contend the trial court granted summary judgment pursuant to its conclusion that the three co-plaintiffs below engaged in the unauthorized practice of law which permeated all of their dealings, thus, it was correct in granting judgment on all of their claims and not dichotomizing them.
 {¶ 34} Again, we agree with the trial court's comprehensive treatment of all of the causes of action pleaded in appellant's amended complaint.
 {¶ 35} Appellant's third assignment of error is also without merit.
 {¶ 36} Therefore, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
Rice, J., concurs,
O'Toole, J., concurs in judgment only.