CINCINNATI BAR ASSOCIATION *v.* JANSEN ET AL.

[Cite as *Cincinnati Bar Assn. v. Jansen*, 124 Ohio St.3d 272, 2010-Ohio-133.]

*Unauthorized practice of law — Consent decree accepted — Injunction issued.*

(No. 2009-1663 — Submitted September 30, 2009 — Decided January 26, 2010.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the

Supreme Court, No. UPL 06-07.

————————————

{¶ 1} Pursuant to Gov.Bar R. VII(5b), the Board on the Unauthorized Practice of Law has recommended our approval of a consent decree proposed by relator, Cincinnati Bar Association, and respondents, Stuart Jansen and American Mediation & Alternative Resolutions ("AMAR"). We accept the board's recommendation and approve the proposed consent decree submitted by the parties, as follows:

{¶ 2} "A. WHEREAS, the Relator is a bar association whose members include attorneys practicing law in Hamilton County, Ohio; and

{¶ 3} "B. WHEREAS, the Relator, through its Unauthorized Practice of Law Committee, is authorized, pursuant to Gov.Bar R. VII, to investigate and file complaints with the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court of Ohio regarding claims of the unauthorized practice of law; and

{¶ 4} "C. WHEREAS, Jansen is a resident of Hamilton County, Ohio and is the Managing Director of the Cincinnati, Ohio office of AMAR, an unincorporated association doing business in Hamilton County, Ohio; and

{¶ 5} "D. WHEREAS, AMAR and its local representatives, including Jansen, offer to the general public to use, as a neutral party, both mediation and nonbinding arbitration to resolve disputes between adverse parties; and

**{¶ 6}** "E.  WHEREAS, in late 2004 or early 2005 Ronald J. Solomon, D.D.S., Inc. ('Solomon') retained the services of Karen Comisar Prescott ('Prescott'), an Ohio attorney located in Hamilton County, to assist him in the collection of a delinquent account in the principal amount of $2,411.82 owed by one of Solomon's patients, Gina Baer ('Baer'); and

**{¶ 7}** "F.  WHEREAS, after Prescott contacted Baer in an attempt to collect the debt, Baer engaged the services of the Respondents and asked them to respond to Prescott's communication; and

**{¶ 8}** "G.  WHEREAS, on January 31, 2005, at Jansen's request, Baer executed a Limited Power of Attorney, a copy of which is attached to the Complaint which the Relator filed in this proceeding on August 17, 2006 (the 'Complaint') as Exhibit A, pursuant to which Baer appointed AMAR as her attorney-in-fact to 'mediate creditors' claim(s) and to effect a reasonable settlement with * * * Ronald J. Solomon, [D.D.S.]'; Jansen also executed the Limited Power of Attorney on behalf of AMAR; and

**{¶ 9}** "H.  WHEREAS, on February 1, 2005 Jansen sent a letter to Prescott, a copy of which is attached to the Complaint as Exhibit B, in which he offered on behalf of Baer to settle Solomon's $2,411.82 claim for a lump sum payment, in cash, of $1,300 based on: (1) Baer's apparent dissatisfaction with the professional services rendered by Solomon; (2) allegedly false statements made by Solomon's office personnel concerning the availability to Baer of insurance coverage for the services rendered; and (3) Baer's distressed financial condition; and

**{¶ 10}** "I.  WHEREAS, since February 1, 2005 Jansen, on behalf of other clients of the Respondents, also has sent to other creditors or their representatives at least seven similar letters in which Jansen raised possible defenses or mitigation to the validity or the amount, or both, of the creditor's claim and, on that basis,

2

has offered on behalf of the Respondents' client to settle the claim for less than the full amount; and

{¶ 11} "J. WHEREAS, the Relator contends, and the Respondents agree, that the letters and related communications described above constitute the unauthorized practice of law by the Respondents under Gov.Bar R. VII; and

{¶ 12} "K. WHEREAS, in order to eliminate the need for contentious, costly and time-consuming litigation of their dispute, the outcome of which is uncertain, and to amicably settle their disagreements and differences, the Relator and the Respondents have agreed to enter into this Stipulation and Agreed Order; and

{¶ 13} "L. WHEREAS, Relator and Respondents hereby waive notice of and a hearing before the Board of Commissioners.

{¶ 14} "NOW, THEREFORE, it hereby is agreed, decreed and ordered that:

{¶ 15} "1. The Respondents permanently shall cease and desist from sending on behalf of any client of the Respondents located in the State of Ohio any correspondence, email message, memorandum or any other written or oral communication to any creditor of such client which communication disputes or otherwise calls into question the validity or amount of the creditor's claim against such client (except only to the extent any such creditor has or may have incorrectly computed the amount of its claim then due).

{¶ 16} "2. The Respondents shall not otherwise 'represent debtors in Ohio by advising, counseling or negotiating resolution of their debts with creditors or creditors' counsel' (per *Ohio State Bar Assn. v. Kolodner* (2004), 103 Ohio St.[3d] 504, 2004-Ohio-5581, [817 N.E.2d 25]) and shall not otherwise engage in the unauthorized practice of law.

{¶ 17} "3. The Relator hereby withdraws its demand for civil penalties against the Respondents for the reasons that: the Respondents have fully

cooperated with the Relator with respect to its investigation; the number of occasions on which the Relator claims the Respondents engaged in the unauthorized practice of law is small (eight); the violations were not flagrant; and it does not appear that any thrid [sic, third] parties suffered significant harm as the result of the Respondents' activities. The Relator also shall not seek reimbursement from the Respondents for the Relator's legal fees or expenses incurred in connection with this proceeding, provided the Respondents comply and remain in compliance with the terms hereof.

{¶ 18} "4. The Relator expressly reserves all of its rights and remedies in connection with any violation hereof by the Respondents."

{¶ 19} Costs are taxed to respondents.

So ordered.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Thompson Hine, L.L.P., and Louis F. Solimine, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., and Geoffrey Stern, for respondents.

_____