CINCINNATI BAR ASSOCIATION *v*. JANSEN ET AL.

[Cite as *Cincinnati Bar Assn. v. Jansen,* **138 Ohio St.3d 212, 2014-Ohio-512.**]

*Unauthorized practice of law—Violation of prior consent decree by continuing to solicit debtors as clients and to negotiate the resolution of their debts— New consent decree approved.*

(No. 2009-1663—Submitted June 5, 2013—Decided February 18, 2014.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 06-07.

_____

**Per Curiam**.

{¶ 1} This matter is before the court on relator Cincinnati Bar Association's September 13, 2011 motion for an order to show cause why respondents Stuart Jansen and American Mediation & Alternative Resolutions ("AMAR") should not be found in contempt for their failure to abide by the terms of this court's January 26, 2010 order. That order approved the parties' proposed consent decree and enjoined Jansen and AMAR, neither of whom is licensed to practice law in the state of Ohio, from engaging in the unauthorized practice of law. *Cincinnati Bar Assn. v. Jansen*, 124 Ohio St.3d 272, 2010-Ohio-133, 921 N.E.2d 639 ("*Jansen I*").

{¶ 2} The parties submitted a waiver of hearing, proposed findings of fact, and a proposed consent decree and moved for their adoption and approval. The panel of the Board on the Unauthorized Practice of Law assigned to hear the matter adopted the parties' proposed findings of fact and found that Jansen and AMAR had violated the terms of the 2010 consent decree by continuing to solicit debtors as clients and negotiate the resolution of their debts. Stating, however, that the board did not have authority under the Rules for the Government of the

Bar to recommend the approval of the parties' proposed consent decree, the panel simply stated that it did not object to its terms. The board adopted the panel's findings of fact and conclusions of law and recommends that we issue an order finding that respondents violated the terms of the 2010 consent decree.

{¶ 3} For the reasons that follow, we find that Jansen and AMAR engaged in the unauthorized practice of law in violation of the January 26, 2010 consent decree and approve the proposed consent decree submitted to the board on September 10, 2012.

### The 2010 Consent Decree

{¶ 4} In August 2006, relator filed a complaint against Jansen and AMAR alleging that they had engaged in the unauthorized practice of law by agreeing to represent a debtor by effecting a settlement with her creditor.

{¶ 5} On January 26, 2010, this court accepted the board's recommendation and approved a consent decree proposed by the parties to resolve the pending unauthorized-practice-of-law claim. In that consent decree, the parties acknowledged that Jansen and AMAR had attempted to effectuate settlements between their clients and their clients' creditors. *Jansen I,* 124 Ohio St.3d 272, 2010-Ohio-133, 921 N.E.2d 639, at ¶ 9-10. The parties stipulated that this conduct constituted the unauthorized practice of law, *id.* at ¶ 11, and agreed:

> "1. The Respondents permanently shall cease and desist from sending on behalf of any client of the Respondents located in the State of Ohio any correspondence, email message, memorandum or any other written or oral communication to any creditor of such client which communication disputes or otherwise calls into question the validity or amount of the creditor's claim against such client (except only to the extent any such creditor has

or may have incorrectly computed the amount of its claim then due).

"2. The Respondents shall not otherwise 'represent debtors in Ohio by advising, counseling or negotiating resolution of their debts with creditors or creditors' counsel' (per *Ohio State Bar Assn. v. Kolodner* (2004), 103 Ohio St.3d 504, 2004-Ohio-5581, [817 N.E.2d 25]) and shall not otherwise engage in the unauthorized practice of law."

*Id.* at ¶ 15 and 16, quoting the consent decree approved by the court in 2010.

**Consent Decree Proposed to Resolve**

**Relator's Motion for an Order to Show Cause**

{¶ 6} After relator moved for an order to show cause why Jansen and AMAR should not be held in contempt of court for violating the 2010 consent decree as adopted by this court in *Jansen I*, the parties submitted stipulations of fact, and eventually entered into a proposed consent agreement, which provides:

THIS CONSENT DECREE AND JUDGMENT ENTRY AND WAIVER OF HEARING (this "Consent Decree") concerning the Cincinnati Bar Association ("Relator"), and Stuart Jansen ("Jansen") and American Mediation & Alternative Resolutions ("AMAR" and, together with Jansen, "Respondents") is as follows:

A. WHEREAS, on January 26, 2010, the Ohio Supreme Court accepted the recommendations of the Board on the Unauthorized Practice of Law in this case and approved and entered the Consent Decree submitted by Relator and Respondents (the "2010 Consent Decree"). *Cincinnati Bar Association v.*

3

*Jansen, et al.*, 124 Ohio St.3d 272, 2010-Ohio-133[, 921 N.E.2d 639]; and

B. WHEREAS, following the Supreme Court's approval and entry of the Consent Decree, Respondents continued in business using, in general, the following practices:

(a) Respondents sent solicitation letters to prospective clients, typically identified by Respondents searching the court index and/or docket in Ohio for named defendants in recently-filed collection cases, * * *.

(b) As to those defendants who responded positively to the Solicitation Letters, Respondents asked them to sign and return a Limited Power of Attorney Appointment, * * *.

(c) As to each defendant who signed and returned the Limited Power of Attorney Appointment, Respondents then sent a letter to the creditor which had filled the collection case against the defendant, and which letter contained a "proposed resolution," * * *.

(d) As to those creditors which responded positively to the Proposed Resolution Letters, Respondents then attempted to facilitate a resolution of the collection case by transmitting settlement proposals between the defendant and the creditor. Those efforts were mostly successful; sometimes they were not; and

C. WHEREAS, with respect to those collection cases as to which Respondents were able to facilitate a settlement, the creditor prepared a settlement agreement or an agreed judgment entry. The creditor typically sent the agreement or judgment entry directly to the debtor. Occasionally, Respondents acted as an intermediary

and mailed or emailed the agreement to the debtor on behalf of the creditor. The debtor was responsible for sending money to the creditor or returning the signed judgment entry to the creditor. Respondents were not involved in dismissal of the collection case; and

D. WHEREAS, Relator contends the foregoing business practices constituted the continued unauthorized practice of law by Respondents in violation of, *inter alia*, the 2010 Consent Decree. Respondents contend the foregoing business practices did not constitute the continued unauthorized practice of law but, instead, constituted the conduct of a bona-fide mediation service; and

E. WHEREAS, on September 13, 2011 Relator filed in this case a Motion for an Order to Show Cause in connection with Respondents' foregoing business practices; and

F. WHEREAS, in February, 2012, in response to Relator's Motion for an Order to Show Cause, Respondents: (a) started using a modified Solicitation Letter * * *; (b) stopped using the Limited Power of Attorney Appointment form; and (c) started using a Mediation Agreement * * *; and

G. WHEREAS, between January 26, 2010 and the date hereof, Respondents have: (a) sent approximately 35,000 Solicitation Letters to defendants; (b) received approximately 467 signed Limited Power of Attorney Appointments from defendants; (c) sent approximately 459 Proposed Resolutions Letters to creditors; and (d) facilitated the settlement of approximately 434 collection cases; and

H. WHEREAS, throughout this period of time, Respondents typically have charged those debtors which agreed to

engage Respondents a fee of $250 per case. In the more complex cases, Respondents sometimes have charged a slightly higher fee, but rarely any more than $295 per case; and

I. WHEREAS, in order to eliminate the need for contentious, costly and time-consuming litigation of their dispute, the outcome of which is uncertain, and to amicably settle their disagreements and differences, Relator and Respondents have agreed to enter into this Consent Decree; and

J. WHEREAS, Relator and Respondents hereby waive a hearing before the Board on the Unauthorized Practice of Law of the Supreme Court of Ohio (the "Board").

NOW, THEREFORE, it hereby is agreed, decreed, and ordered that:

1. Upon their execution of this Consent Decree Respondents shall entirely and permanently cease and desist, whether as an owner, principal, officer, employee, consultant, independent contractor, agent, representative or otherwise, from directly or indirectly soliciting, procuring, conducting, participating in, supervising or otherwise engaging in any arbitration, mediation or alternative dispute resolution of any kind for profit. Nothing in this paragraph shall prohibit Respondent Jansen from engaging in any activity in which he is permitted to engage by reason of obtaining a securities license or license to practice law. Nothing in this paragraph shall prohibit Respondent Jansen from participating in a mediation, arbitration, or other dispute resolution as a party.

2. If Respondents are determined by the Board to be in violation of this Consent Decree, then there shall be imposed

6

against them, jointly and severally, a monetary sanction in the minimum amount of $50,000 plus any other sanctions (monetary or otherwise) which may be imposed on them by the Board or the Supreme Court of Ohio.

3. Nothing in this Consent Decree shall be deemed to amend or modify in any respect any prior stipulations, decrees, order or judgments in this case.

(Capitalization sic.)

### The Board's Recommendation

{¶ 7} Pursuant to Gov.Bar R. VII(5b)(E)(3), the board issued a report in which it adopted the facts as set forth by the parties in the consent decree and determined that respondents had violated the 2010 consent decree by continuing to solicit debtors as clients and to negotiate the resolution of their debts. The board noted that respondents had relied on counsel to assist them in modifying their business practices to comply with the 2010 consent decree but that the modifications were nevertheless insufficient to bring them into full compliance with the decree. Therefore, the board concluded that the violation of the 2010 consent decree was unintentional. Interpreting Gov.Bar R. VII(5b)(E)(3)[1] as limiting the board's jurisdiction to making a determination whether the consent

---

1. Gov.Bar R. VII(5b)(E)(3) provides:

> A motion to show cause alleging a violation of a consent decree and any memorandum in opposition shall be filed with both the Supreme Court and the Board. The Board, upon receipt of the motion and memorandum in opposition, by panel assignment shall conduct either an evidentiary hearing or oral argument hearing on the motion, and by a majority vote of the Board submit a final report to the Court with findings of fact, conclusions of law, and recommendations on the issue of whether the consent decree was violated. Neither party shall be permitted to file objections to the Board's report without leave of Court.

decree was violated, however, the board did not address the remedial aspects of the consent decree, other than to state that it did not object to its terms.

**Jansen and AMAR Have Continued**

**to Engage in the Unauthorized Practice of Law**

**in Violation of the 2010 Consent Decree**

{¶ 8}   Article IV, Section 2(B)(1)(g) of the Ohio Constitution grants this court original jurisdiction over all matters relating to the practice of law.   The unauthorized practice of law consists of the rendering of legal services for another by any person not admitted to practice law in Ohio.   Gov.Bar R. VII(2)(A).   We have held that the practice of law includes "making representations to creditors on behalf of third parties, and advising persons of their rights, and the terms and conditions of settlement."   *Cincinnati Bar Assn. v. Cromwell*, 82 Ohio St.3d 255, 256, 695 N.E.2d 243 (1998); *see also Ohio State Bar Assn. v. Kolodner*, 103 Ohio St.3d 504, 2004-Ohio-5581, 817 N.E.2d 25, ¶ 15; *Cincinnati Bar Assn. v. Telford*, 85 Ohio St.3d 111, 707 N.E.2d 462 (1999).   It is no defense that respondents disclosed to their customers that they were not attorneys and could not give legal advice, or that they obtained powers of attorney executed by their customers.   *See, e.g., Columbus Bar Assn. v. Am. Family Prepaid Legal Corp.*, 123 Ohio St.3d 353, 2009-Ohio-5336, 916 N.E.2d 784, ¶ 76; *Telford* at 113.

{¶ 9}   Respondents' efforts to characterize their services as those of a mediator or arbitrator of client debts are likewise unavailing.   A mediator is "[a] neutral person who tries to help disputing parties reach an agreement," and an arbitrator is "[a] neutral person who resolves disputes between parties * * *." *Black's Law Dictionary* 1071, 120 (9th Ed.2009).   Respondents initially provided services only to debtors pursuant to "Limited Power of Attorney Appointments" authorizing them to "effect a resolution" with the creditor.   Later, they used "Mediation Agreements" that purported to appoint Jansen and AMAR as neutral mediators of debtor-creditor relationships.   While the mediation agreement

requires the debtor to sign it in order to accept the terms of the agreement and to authorize the creditor to communicate with Jansen and AMAR, it deems any communication from the creditor for purposes of discussing the debtor's obligation to constitute acceptance of the terms of the agreement by the creditor. The one-sided nature of this agreement, which also requires the debtor to pay respondents' fees in full, reveals that while respondents' forms may have changed, their underlying business practices—which constitute the unauthorized practice of law—have not.

### Approval of the Parties' Proposed Consent Decree

{¶ 10} We adopt the factual findings as set forth in the parties' proposed consent decree and adopt the board's finding that Jansen and AMAR violated the 2010 consent decree. We also find that the proposed consent decree (1) protects the public from future harm, (2) resolves the material allegations of the unauthorized practice of law, (3) contains an agreement by Jansen and AMAR to cease and desist the alleged activities that we have found to constitute the unauthorized practice of law, and (4) provides that in the event Jansen and AMAR violate the terms of the consent decree, they will be subject to a minimum monetary sanction of $50,000—in addition to any other sanctions that may be warranted. *See* Gov.Bar R. VII(5b)(C).

{¶ 11} Accordingly, we approve the consent decree in its entirety. Respondents shall entirely and permanently cease and desist, whether as an owner, principal, officer, employee, consultant, independent contractor, agent, representative, or otherwise, from directly or indirectly soliciting, procuring, conducting, participating in, supervising, or otherwise engaging in any arbitration, mediation, or alternative dispute resolution of any kind for profit.

{¶ 12} If Jansen or AMAR are determined by this court to be in violation of this consent decree, then there shall be imposed against them, jointly and severally, a monetary sanction in the minimum amount of $50,000, plus any other

sanctions that may be imposed on them by this court.  Costs are taxed, jointly and severally, to Jansen and AMAR.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Louis F. Solimine; and Maria C. Palermo, for relator.

Montgomery, Rennie & Jonson, George D. Jonson, and Lisa M. Zaring, for respondents.

_____