[Cite as *Carter v. Durden*, 2017-Ohio-738.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103127

# MICHAEL CARTER

PLAINTIFF

vs.

# CORNELIUS DURDEN

DEFENDANT-APPELLEE

[Appeal by Bruce A. Brown, Third-Party Defendant]

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cleveland Municipal Court, Housing Division
Case No. 2014-CVG763

**BEFORE:** Blackmon, J., E.A. Gallagher, P.J., and Stewart, J.
**RELEASED AND JOURNALIZED:** March 2, 2017

-i-

**FOR APPELLANT**

Bruce A. Brown, pro se
6075 Penfield Lane
Solon, Ohio 44139


**FOR APPELLEE**

Cornelius Durden, pro se
961 Evangeline Road
Cleveland, Ohio 44110

Nicholas A. Colabianchi
5725 Broadway Avenue
Cleveland, Ohio 44127

PATRICIA ANN BLACKMON, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Bruce A. Brown ("Brown") appeals pro se from the municipal court's judgment entry granting $117,000 against him and in favor of Cornelius Durden ("Durden"). Brown assigns the following sole error for our review:

> I. The Supreme Court of Ohio has exclusive jurisdiction over the unauthorized practice of law.

{¶2} Having reviewed the record and pertinent law, we affirm the court's decision. The apposite facts follow.

{¶3} In May 2011, Durden paid Brown $9,000 "to help him negotiate with the county concerning taxes" relating to a foreclosure action against Durden. Brown took no action on Durden's behalf, and in August 2013, Michael Carter ("Carter") purchased Durden's property at a tax foreclosure sale. In January 2014, Carter initiated eviction proceedings against Durden in the Cleveland Municipal Court, Housing Division.

{¶4} On October 1, 2014, Durden filed a third-party complaint against Brown alleging fraud, breach of contract, promissory estoppel, unjust enrichment, and quiet title. Brown, acting pro se, filed an answer summarily denying all allegations and raising the following affirmative defenses: the third-party complaint "fails to state a claim upon which relief can be granted" and "is barred by the Third-Party Plaintiff's own acts and omissions." According to the docket, Brown's answer is the only appearance or filing he made in the case.

{¶5} On May 11, 2015, the court adopted the magistrate's decision finding in favor of Durden on the fraud claim. Although there is no transcript,[1] the magistrate's decision states that the court held a hearing on April 29, 2015. Brown claims that he did not attend this hearing because he was incarcerated. The magistrate's decision concluded, in pertinent part, the following:

> Durden is entitled to recover damages from Bruce Brown for fraud. Brown intentionally misrepresented to Durden that he was an attorney and would work on Durden's behalf concerning taxes owed to the county. Brown * * * took no action on Durden's behalf. Instead, he continued to lie to Durden until he was uncovered because of a criminal action filed against him.

{¶6} The court awarded Durden $17,000 in compensatory damages and, after finding that "Brown's fraud was malicious," $100,000 in punitive damages. It is from this order that Brown appeals.

{¶7} Brown's argument is that the Ohio Supreme Court has exclusive jurisdiction over the "unauthorized practice of law" under R.C. 4705.07(A)(3). "Only the supreme court may make a determination that any person has committed the unauthorized practice of law in violation of division (A)(3) of this section." R.C. 4705.07(B)(2).

---

[1]The housing court issued a postjudgment journal entry on August 9, 2016, which states as follows: Brown "wrote a letter to the Court dated July 19, 2016 asking for a transcript of the April 29, 2015 default hearing on the claim of Cornelius Durden against him. The hearing was not transcribed by a court reporter and the court did not make an audio recording of the hearing, necessitating an App.R. 9(C) statement." Upon review, we find that Brown failed to file an App.R. 9(C) statement.

**{¶8}** We first note that Brown did not raise this argument in the lower court. "[T]he fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982). Nonetheless, in the interest of justice, we review Brown's appeal on the merits.

**{¶9}** "[A] party may not raise any error on appeal regarding a finding of fact or conclusion of law by a magistrate, unless he has timely objected to that finding or conclusion." *Gee How Oak Tin Assn. v. Chang Yick*, 8th Dist. Cuyahoga No. 89228, 2007-Ohio-6199, ¶ 18. Brown did not object to the magistrate's decision in the case at hand; therefore, he has waived his right to appeal the magistrate's findings and conclusions.

**{¶10}** "The unauthorized practice of law consists of rendering legal services for another by any person not admitted to practice law in Ohio * * * and includes representation by a nonattorney who advises, counsels, or negotiates on behalf of an individual or business in the attempt to resolve a collection claim between debtors and creditors." *Ohio State Bar Assn. v. Kolodner*, 103 Ohio St.3d 504, 2001-Ohio-5581, 8107 N.E.2d 25, ¶ 15.

**{¶11}** In the case at hand, the court found that "Brown never took any action on behalf of [Durden]." Additionally, the court concluded that Brown engaged in fraud. The court did not find factually, nor did it conclude legally, that Brown engaged in the unauthorized practice of law. Upon review of the magistrate's findings of fact, which we

must accept as true absent the filing of objections, we find no error. There was no claim for the unauthorized practice of law and the court did not make a determination that Brown committed the unauthorized practice of law in violation of R.C. 4705.07.

{¶12} Accordingly, Brown's sole assigned error is overruled, and the court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cleveland Municipal Court, Housing Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR