[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Century Negotiations, Inc.,* Slip Opinion No. 2017-Ohio-9110.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9110

OHIO STATE BAR ASSOCIATION *v*. CENTURY NEGOTIATIONS, INC.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Century Negotiations, Inc.,* Slip Opinion No. 2017-Ohio-9110.]

*Unauthorized practice of law—Corporation may not lawfully practice law—Advising debtors on their relationship with creditors, drafting, negotiating, reviewing, and validating credit agreements, and settling accounts with creditors for purposes of affecting debtors' relationship with creditors constitutes practice of law—Permanent injunction issued.*

(No. 2017-0543—Submitted June 7, 2017—Decided December 20, 2017.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 13-08.

————————————

**Per Curiam.**

{¶ 1} On November 6, 2013, relator, Ohio State Bar Association, filed a complaint with the Board of Commissioners on the Unauthorized Practice of Law

alleging that Century Negotiations, Inc., engaged in the unauthorized practice of law by conducting debt-settlement negotiations on behalf of Ohio consumers.

{¶ 2} The parties submitted agreed stipulations and waived a formal hearing on May 8, 2015. Consistent with those stipulations, the board found that Century Negotiations engaged in the unauthorized practice of law by conducting debt-settlement negotiations for over 3,000 Ohio customers. Because the company cooperated in relator's investigation and the board proceedings, ceased operations in Ohio, and further agreed not to engage in the unauthorized practice of law in this state in the future, the board concluded that no civil penalty was warranted. We adopt the board's findings and recommendation and issue an injunction prohibiting Century Negotiations, Inc., from engaging in further conduct that constitutes the practice of law in Ohio.

**Findings of Fact**

{¶ 3} Century Negotiations is a Pennsylvania corporation that provides debt-resolution services to its clients. From 2005 through 2015, those clients included 3,056 Ohio consumers. The company is not and has never been admitted to the practice of law in Ohio or any other state. Indeed, "[a] corporation cannot lawfully engage in the practice of law; nor can it do so indirectly through the employment of qualified lawyers." *Judd v. City Trust & Savs. Bank*, 133 Ohio St. 81, 12 N.E.2d 288 (1937), paragraph two of the syllabus; *see also* Prof.Cond.R. 5.4(d)(1) through (3) (prohibiting a lawyer from practicing in the form of a professional corporation or association authorized to practice law for a profit if a nonlawyer is an owner, director, or officer of the corporation, or has the right to direct or control the professional judgment of the lawyer).

{¶ 4} Century Negotiations admitted that it rendered legal services in Ohio to Ohio residents. Specifically, the company stipulated that it provided advice and counsel to Ohio consumers; negotiated, drafted, reviewed, and validated settlement agreements on behalf of those consumers; validated term agreements; and advised

2

consumers as to the terms of their credit contracts and subsequent settlement agreements for the purpose of affecting the contractual relationship and liability of those consumers with respect to their debts and their respective creditors.

**Century Negotiations, Inc., Engaged in the Unauthorized Practice of Law**

**{¶ 5}** The Supreme Court of Ohio has original jurisdiction regarding admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law in Ohio. Article IV, Section 2(B)(1)(g), Ohio Constitution; *Royal Indemn. Co. v. J.C. Penney Co., Inc.*, 27 Ohio St.3d 31, 34, 501 N.E.2d 617 (1986). Accordingly, this court has exclusive jurisdiction to regulate the unauthorized practice of law in Ohio. *Greenspan v. Third Fed. S. & L. Assn.*, 122 Ohio St.3d 455, 2009-Ohio-3508, 912 N.E.2d 567, ¶ 16; *Lorain Cty. Bar Assn. v. Kocak*, 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 16. The purpose of that regulation is to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

**{¶ 6}** The unauthorized practice of law is the rendering of legal services for another by any person not admitted or otherwise certified to practice law in Ohio. Gov.Bar R. VII(2)(A)(1). The unauthorized practice of law includes the " 'preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and the courts.' " *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 28, 193 N.E. 650 (1934), quoting *People v. Alfani*, 227 N.Y. 334, 337-338, 125 N.E. 671 (1919). "[T]he practice of law includes 'making representations to creditors on behalf of third parties, and advising persons of their rights, and the terms and conditions of settlement.' " *Cincinnati Bar Assn. v. Telford*, 85 Ohio St.3d 111, 113, 707 N.E.2d 462 (1999), quoting *Cincinnati Bar Assn. v. Cromwell*, 82 Ohio St.3d 255, 256, 695 N.E.2d 243 (1998). Therefore, it

follows that the unauthorized practice of law encompasses the negotiation of collection claims on behalf of debtors. *See, e.g., Ohio State Bar Assn. v. Kolodner*, 103 Ohio St.3d 504, 2004-Ohio-5581, 817 N.E.2d 25.

{¶ 7} Here, Century Negotiations admitted that it engaged in the unauthorized practice of law by negotiating with creditors on behalf of Ohio residents in an attempt to settle their delinquent debts as described above.

{¶ 8} We adopt these stipulated facts and find that Century Negotiations, Inc., has engaged in the unauthorized practice of law in Ohio.

## An Injunction Is Warranted

{¶ 9} Not only has Century Negotiations admitted that it engaged in the unauthorized practice of law in the past, it has agreed to be enjoined from engaging in the unauthorized practice of law in Ohio in the future and to provide written notice of this proceeding to all of its Ohio customers. Based on those facts and the mitigating effect of the company's cooperation in these unauthorized-practice-of-law proceedings, the voluntary termination of its debt-resolution operations in Ohio, and the absence of any record evidence that the company's customers were harmed by its conduct, the board recommends that we enjoin the company from future acts constituting the unauthorized practice of law but impose no civil penalty. *See* Gov.Bar R. VII(8)(B)(1) and (4) and UPL Reg. 400(F)(4)(a) through (d). We adopt the board's recommendations.

{¶ 10} Accordingly, Century Negotiations is enjoined from performing any and all acts constituting the unauthorized practice of law in Ohio—including but not limited to advising, counseling, or representing Ohio consumers; answering any questions regarding the contractual relationship between such consumers and their creditors; negotiating, validating, or settling a debt on behalf of such consumers; preparing, validating, or reviewing such a settlement agreement; negotiating any term or terms of a settlement agreement; or any other activity that would constitute providing counsel on or reviewing, preparing, or drafting any matter regarding any

financial transaction between a consumer and his or her creditor when either the consumer or the creditor is located in the state of Ohio.

{¶ 11} In addition, Century Negotiations shall, at its sole cost and expense, provide written notice of this proceeding by first-class U.S. Mail or other similar method to all 3,056 Ohio consumers identified in a list attached as Exhibit A to the parties' stipulations. And within 180 days of the announcement of this decision, David R. Leuthold, chief executive officer of Century Negotiations, or his successor, shall file a sworn affidavit in this court that identifies (1) all of the Ohio consumers on the list to whom the company provided such notice, (2) all of the Ohio consumers on the list to whom the company was unable to provide such notice, (3) the last known address attempted for the consumers the company was not able to notify, and (4) the efforts undertaken by the company to locate those consumers.

{¶ 12} Costs are taxed to Century Negotiations, Inc.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Fanger & Associates, L.L.C., and Jeffrey J. Fanger; and Eugene P. Whetzel, Bar Counsel, for relator.

McNeal, Schick, Archibald & Biro Co., L.P.A., and Marilyn J. Singer, for respondent.

_____