[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 236.]

OFFICE OF DISCIPLINARY COUNSEL *v*. DOAN.

[Cite as *Disciplinary Counsel v. Doan*, 1997-Ohio-299.]

*Attorneys at law—Kentucky attorney not registered in Ohio preparing and signing deeds in Ohio as "attorney at law" and notarizing documents indicating that notary "commission has no expiration date" is engaged in the unauthorized practice of law.*

(No. 96-1297--Submitted September 10, 1996--Decided January 15, 1997.

ON CERTIFIED REPORT by the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court, No. UPL-95-2.

_____

{¶ 1} On July 31, 1995 the Office of Disciplinary Counsel ("relator") filed a complaint charging David William Doan of Cold Spring, Kentucky ("respondent"), with the unauthorized practice of law in Ohio. The parties filed a stipulation with the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court of Ohio ("board"), agreeing that in February 1992, when respondent was hired as in-house counsel by Blue Chip Title Agency, Inc. of Cincinnati, he represented that he had applied to practice law in Ohio. While employed at Blue Chip, respondent prepared and signed deeds as "attorney at law" and notarized documents indicating that his notary "commission has no expiration date." He also used stationery identifying himself as an "Attorney at Law" with an office in Cincinnati and signed these letters as "David W. Doan, Attorney at Law." In early March 1992, Blue Chip terminated respondent after discovering that although admitted to the bar in Kentucky, he had neither registered for the Ohio bar examination nor asked for admission by reciprocity. In December 1992, respondent was granted permission to resign from the Kentucky Bar Association pursuant to an "indefinite suspension."

**{¶ 2}** The board accepted these stipulations and further found that respondent had not been admitted to active practice, granted active status, or registered to practice in Ohio. It also found that respondent had not qualified as a notary whose commission has no expiration date under R.C. 147.03, since he was neither an attorney nor had he filed an appropriate certificate with the Secretary of State. The board concluded that respondent had engaged in the unauthorized practice of law and recommended that this court issue an order prohibiting him from engaging in the unauthorized practice of law in the future.

––––––––––––––––––

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Joseph G. Carr*, for respondent.

––––––––––––––––––

*Per Curiam.*

**{¶ 3}** In *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, we made clear that the practice of law embraces the preparation of legal documents on another's behalf, including deeds which convey real property. We adopt the board's findings and conclusion, and further find that respondent had not registered for corporate status under Gov.Bar R. VI(4)(A). Based on the facts in this case we find that respondent engaged in the unauthorized practice of law.

**{¶ 4}** Pursuant to Gov. Bar R. VII (19)(D), respondent is hereby prohibited from engaging in any such conduct in the future and is charged with all the costs and expenses of this proceeding.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

––––––––––––––––––