[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 15.]

GEAUGA COUNTY BAR ASSOCIATION *v*. CANFIELD.

[Cite as *Geauga Cty. Bar Assn. v. Canfield*, 2001-Ohio-138.]

*Unauthorized practice of law—Individual who resigned his office as attorney and counselor at law in Ohio prepared a land installment contract for the sale of real estate on another's behalf and notarized the land contract— Engagement in the unauthorized practice of law enjoined.*

(No. 00-2148—Submitted January 31, 2001—Decided May 30, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on the Unauthorized Practice of Law, No. 99-03.

————————————

*Per Curiam.*

{¶ 1} On May 19, 1974, respondent, Dennis R. Canfield of Middlefield, Ohio, filed an affidavit in the Supreme Court of Ohio in which he voluntarily resigned his office as attorney and counselor at law. Thereafter, in September 1991, respondent prepared a land installment contract for the sale of real estate in Middlefield from Frank and Holly Maheu to Frank's Floors & More, Inc. Respondent notarized the land contract indicating that he was a notary public for the state of Ohio with a "lifetime commission." Respondent received no remuneration for the preparation of the document. The land contract was recorded on January 18, 1995.

{¶ 2} On August 13, 1999, relator, Geauga County Bar Association, filed a complaint charging respondent with practicing law while not an attorney admitted to practice. Respondent filed his answer, and the matter was scheduled to be heard by the Board of Commissioners on the Unauthorized Practice of Law ("board"). Prior to the hearing, relator and respondent entered into a stipulated judgment entry. Based upon the entry and the documents attached thereto, the board found the facts

as set forth above and concluded that respondent's conduct was the unauthorized practice of law.

{¶ 3} Having reviewed the evidence, we agree with the findings and conclusions of the board. Respondent's argument that he merely copied a form contract produced by a legal printing company and that he received no compensation for his actions do not remove his conduct from the practice of law. As we have said, the practice of law includes the preparation of legal documents on another's behalf. Although he copied the documents from a form book, the fact is that respondent completed those forms not for himself, but for the benefit of another. Moreover, respondent notarized those documents with the legend "commission has no expiration date," which is a notary commission that can be held only by an attorney admitted to practice in Ohio. *Disciplinary Counsel v. Doan* (1997), 77 Ohio St.3d 236, 673 N.E.2d 1272; R.C. 147.03. The fact that he received no remuneration for his actions is irrelevant. Respondent's conduct was the unauthorized practice of law.

{¶ 4} Respondent is hereby enjoined from future actions that constitute the unauthorized practice of law. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Christine M. Seymour; Timothy P. Hartory & Assoc*. and *Timothy P. Hartory*, for relator.

*D. Kevin O'Reilly*, for respondent.

_____