**[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 91.]**

CLEVELAND BAR ASSOCIATION *v*. HENLEY, d.b.a. HENLEY INVESTMENT &
DEVELOPMENT CORPORATION AND HENLEY EDUCATIONAL COUNSULTANTS.

[Cite as *Cleveland Bar Assn. v. Henley*, 2002-Ohio-1628.]

*Unauthorized practice of law—Individual not licensed to practice law in Ohio who purports to negotiate legal claims on behalf of others and advises persons of their legal rights and the terms and conditions of settlement is engaged in the unauthorized practice of law—Engagement in the unauthorized practice of law enjoined.*

(No. 01-1822—Submitted January 9, 2002—Decided April 10, 2002.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court, No. UPL004.

————————————

*Per Curiam*.

{¶ 1} Respondent, Gerald C. Henley of Cleveland, Ohio, does business as Henley Investment & Development Corporation and Henley Educational Consultants. Respondent is not a lawyer.

{¶ 2} In October 1999, respondent consulted with Willie L. Moore, Jr., about perceived discriminatory practices by Moore's employer. As a result of that consultation, respondent wrote to the employer indicating that he was not a lawyer but wanted the employer to resolve this "very serious racial discrimination matter prior to this matter becoming a full blown case in Federal Court." Enclosed with the letter, copies of which were mailed to several political officials, was a "Charge of Discrimination," which respondent had prepared for Moore to file with the Ohio Civil Rights Commission.

{¶ 3} In November 1999, respondent again wrote to the same company, adding Roosevelt Hedrington as another person who had suffered alleged discrimination by the employer. Respondent asked for a $200,000 settlement for Moore and stated that

if the company was not receptive to some type of discussion, "my clients and I will have to move to the next step of our charges."

{¶ 4} In response to an inquiry by relator, Cleveland Bar Association, respondent prepared affidavits for Moore and Hedrington. Both affiants stated that respondent had told them that he was not an attorney, and that respondent had advised and consulted with them about how to deal with a company that they believed was discriminating against them. Moore additionally averred that none of the $200,000 settlement he requested would have gone to respondent. By letter to relator dated February 28, 2000, respondent stated, "There was no written contractual agreement between Mr. Moore, Mr. Hedrington and I. We agreed on a fee for my assistance, political and business consultation and nothing else."

{¶ 5} On July 10, 2000, relator filed a complaint before the Board of Commissioners on the Unauthorized Practice of Law ("board"), alleging that respondent's activities constituted the unauthorized practice of law. On December 14, 2000, respondent filed a document asking that the complaint be dismissed, and that if it was not dismissed, the letter in which he conceded to the employer that he is not an attorney and the affidavits signed by Moore and Hedrington be introduced as evidence. He further asserted that he waived the right to appear before the panel. Relator then filed a motion for default. The board issued an order canceling a scheduled hearing and stating that it would consider the matter on the basis of the pleadings and evidence submitted by the parties.

{¶ 6} Based upon the evidence before it, the board found that respondent had engaged in the conduct as alleged and concluded that it constituted the unauthorized practice of law.

{¶ 7} On review of the record, we adopt the findings and conclusion of the board. As we have previously held, one who purports to negotiate legal claims on behalf of another and advises persons of their legal rights and the terms and conditions of settlement engages in the practice of law. *Cincinnati Bar Assn. v. Cromwell* (1998), 82 Ohio St.3d 255, 695 N.E.2d 243; *Cleveland Bar Assn. v. Moore* (2000), 87 Ohio

St.3d 583, 722 N.E.2d 514.  The record is unclear as to whether respondent was paid for his services to Moore and Hedrington.  Nevertheless, as we held in *Geauga Cty. Bar Assn. v. Canfield* (2001), 92 Ohio St.3d 15, 16, 748 N.E.2d 23, when a nonattorney's conduct constitutes the practice of law, "the fact that he received no remuneration for his actions is irrelevant" to the determination of whether he engaged in the unauthorized practice.

{¶ 8} Respondent is hereby enjoined from further actions that constitute the unauthorized practice of law.  Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Michael P. Harvey* and *John A. Hallbauer,* for relator.

*Gerald C. Henley*, *pro se*.

_____