**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Hill,* **Slip Opinion No. 2014-Ohio-5239.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5239

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* HILL ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Hill,* Slip Opinion No. 2014-Ohio-5239.]**

*Unauthorized practice of law—Entering into agreements to represent others as "attorney/advocate" and holding self out as advocate for others—Injunction issued and civil penalty imposed.*

(No. 2014-0518—Submitted May 14, 2014—Decided December 3, 2014.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 10-09.

_____

**Per Curiam.**

{¶ 1} On December 29, 2010, relator, Cleveland Metropolitan Bar Association, filed a complaint with the Board on the Unauthorized Practice of Law alleging that respondents, William Hill and his company, the Advocacy Group, Inc., had engaged in the unauthorized practice of law in Ohio by entering into contracts to represent 20 students, giving them legal advice, and attempting to

settle their claims of, among other things, "institutional racism" and "discriminatory business practices" against Bryant & Stratton College.

{¶ 2} Respondents were served with the complaint but failed to file an answer. Relator moved for default pursuant to Gov.Bar R. VII(7)(B). A panel of the board granted the motion after reviewing relator's evidence, which included a transcript of Hill's June 18, 2010 deposition testimony, in which he admitted having committed much of the charged misconduct. The panel issued findings of fact and determined that respondents had engaged in 22 counts of the unauthorized practice of law—one count for each of the 20 students they contracted to represent, one count for drafting the letter to and meeting with college representatives, and one count for conduct that had not been alleged in the complaint but that was discovered during Hill's deposition. The panel recommended that we enjoin respondents from further engaging in the unauthorized practice of law and impose a civil penalty of $7,500 for each of the 22 counts, for a total penalty of $165,000.

{¶ 3} For the most part, the board adopted the panel's findings of fact and conclusions of law. It did not adopt the panel's finding of unauthorized practice of law regarding the conduct that had not been alleged in the complaint. It adopted the panel's recommendation that respondents be enjoined from engaging in the unauthorized practice of law, but recommends that we impose a civil penalty of $20,000—$10,000 for executing agreements to serve as "Attorney/Advocate" for the students in their complaint against the school, and $10,000 for holding themselves out as the advocate of the students in a letter to and in a meeting with the school's legal counsel.

{¶ 4} We agree that respondents engaged in the unauthorized practice of law and impose a $20,000 civil penalty against them.

**Respondents Engaged in the Unauthorized Practice of Law**

{¶ 5} Hill is a retired police officer with 25 years of law-enforcement experience. The Advocacy Group is a for-profit corporation registered with the Ohio Secretary of State. The corporation's initial articles of incorporation identify Hill as the sole director and authorized representative of the corporation. Hill has not attended law school, and neither he nor the Advocacy Group has been admitted to the practice of law in Ohio or any other jurisdiction or is certified for the limited practice of law pursuant to Gov.Bar R. II.

{¶ 6} At one time, the Advocacy Group ran a website, www.bryantstrattonscrewedme.com,[1] and circulated fliers offering to assist individuals who had been wronged by businesses, government agencies, or employers in obtaining justice "By Any Legal Means Necessary."

{¶ 7} In 2008, respondents were retained by 20 students of Bryant & Stratton College's Cleveland, Ohio, campus. Each of the students signed a form appointing the Advocacy Group and its representatives as his or her "attorney/advocate(s)-in-fact" with respect to "[a]ll information pertaining to [his or her] enrollment and experiences at Bryant & Stratton College while attending school for their Nursing Program." Hill signed each of those forms with the designations "Attorney/Advocate" and "President, The Advocacy Group, LLC," following his name. Some of those students paid the Advocacy Group a fee of $25, and those funds were deposited into the company's bank account.

{¶ 8} Respondents drafted and sent a letter to Ted Hansen, director of Bryant & Stratton's Eastlake campus on December 15, 2008. The letter stated that the Advocacy Group was "the official advocate for a growing number of [the college's] students, past and present," alleged that the college had engaged in "institutional racism, racial profiling, financial profiling, [and] discriminatory

---

[1] An August 21, 2014 search revealed that the website is no longer in operation.

business practices," and demanded an opportunity to meet in order to discuss the allegations and a possible resolution of the matters. A meeting was eventually scheduled for May 29, 2009. Shortly before that meeting, respondents delivered another letter to counsel for Bryant & Stratton College demanding, among other things, that the college (1) permit students represented by the Advocacy Group to retake classes and tests at no cost, (2) forgive the outstanding account balances of all students represented by the Advocacy Group, and (3) pay the students $5 million.

{¶ 9} On May 29, 2009, respondents, four former Bryant & Stratton students, attorney W. Scott Ramsey, and Dr. David Whitaker, who is also an attorney, met with counsel for Bryant & Stratton College, including attorney Steven E. Seasly, of Hahn Loeser & Parks, L.L.P. At the meeting, the students stated that they were represented by Hill. At his deposition, Hill testified that the meeting was brief—lasting at most 15 to 20 minutes—because he and his contingent "were there to try to resolve the situation and if there was no intent to resolve the situation, there was nothing really to talk about." Because Seasly "wanted to discuss the issues" and Hill wanted only to negotiate the terms and conditions of a settlement, he and his contingent left the meeting.

{¶ 10} "The Ohio Constitution, Article IV, Section 2(B)(1)(g) gives this court original jurisdiction over all matters relating to the practice of law, including the unauthorized practice of law." *Cleveland Metro. Bar Assn. v. Davie*, 133 Ohio St.3d 202, 2012-Ohio-4328, 977 N.E.2d 606, ¶ 18. The unauthorized practice of law is "[t]he rendering of legal services for another by any person not admitted to practice in Ohio * * *." Gov.Bar R. VII(2)(A)(1); *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 7. We restrict the practice of law to licensed attorneys to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated

with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 11} "We have consistently held that the practice of law encompasses the drafting and preparation of pleadings filed in the courts of Ohio and includes the preparation of legal documents and instruments upon which legal rights are secured or advanced." *Lorain Cty. Bar Assn. v. Kocak*, 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, citing *Akron Bar Assn. v. Greene*, 77 Ohio St.3d 279, 280, 673 N.E.2d 1307 (1997); and *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 193 N.E. 650, syllabus (1934). We have also held that "one who purports to negotiate legal claims on behalf of another and advises persons of their legal rights and the terms and conditions of settlement engages in the practice of law." *Cleveland Bar Assn. v. Henley*, 95 Ohio St.3d 91, 92, 766 N.E.2d 130 (2002), citing *Cleveland Bar Assn. v. Moore*, 87 Ohio St.3d 583, 722 N.E.2d 514 (2000); and *Cincinnati Bar Assn. v. Cromwell*, 82 Ohio St.3d 255, 695 N.E.2d 243 (1998).

{¶ 12} Although Hill did not possess the qualifications necessary to practice law in this state, a preponderance of the evidence shows that he and the Advocacy Group entered into agreements to serve as "Attorney/Advocates" for 20 current or former Bryant & Stratton College students and purported to negotiate legal claims on their behalf in written correspondence to and in a meeting with college representatives. Accordingly, we adopt the board's findings that Hill and the Advocacy Group engaged in the unauthorized practice of law.

**Sanction**

{¶ 13} Because we find that Hill and the Advocacy Group engaged in the unauthorized practice of law, we adopt the board's recommendation that we enjoin them from further engaging in the unauthorized practice of law. Pursuant to Gov.Bar R. VII(19)(D)(1)(c), we may also impose civil penalties in an amount greater or lesser than the amount recommended by the board, but not in excess of

$10,000 per offense. In determining whether to impose a civil penalty, Gov.Bar R. VII(8)(B) directs us to consider (1) the degree of cooperation provided by the respondent in the investigation, (2) the number of occasions that the unauthorized practice of law was committed, (3) the flagrancy of the violation, (4) the harm to third parties arising from the offense, and (5) any other relevant factors.

{¶ 14} Here, Hill appeared for his June 18, 2010 deposition, answered the majority of the questions posed by relator, and appears to have produced the documents requested in relator's subpoena duces tecum. He described, in detail, the legal services he performed on behalf of the 20 students he purported to represent, but he refused to acknowledge that his conduct was inappropriate.

{¶ 15} The panel found that Hill and the Advocacy Group committed 22 acts of the unauthorized practice of law—20 acts of entering into a contract to represent a student, one act of holding Hill and the Advocacy Group out as the students' advocates by drafting a letter to and attending a follow-up meeting with college representatives, and one act relating to conduct that had not been alleged in the complaint—and recommended that we impose a $7,500 civil penalty for each of those 22 offenses, for a total civil penalty of $165,000. But the board found that respondents had engaged in just two acts of the unauthorized practice of law—the first being entering into agreements to represent the current and former students as "Attorney/Advocates" and the second being Hill's holding himself and the Advocacy Group out as the students' advocates in correspondence to and in a meeting with counsel for the school. And the board recommends that we impose the maximum penalty of $10,000 for each of the two offenses, for a total civil penalty of $20,000. The board rejected the panel's finding of the unauthorized practice of law with regard to the conduct that had not been alleged in the complaint.

{¶ 16} With regard to the flagrancy of the violations, the board noted that Hill is a former police officer with 25 years of law-enforcement experience but is

not qualified to give legal advice, because he has not attended law school or been admitted to the practice of law in Ohio or any other jurisdiction. Despite these facts, he openly referred to himself as an "Attorney/Advocate," agreed to represent clients for a fee, and attempted to negotiate settlements of their legal claims. By acting as attorney/advocates for the students who retained them, Hill and the Advocacy Group prevented the college's legal counsel from communicating directly with the students to learn more about their concerns and to come to an amicable resolution. The board noted that as of the date of its report, respondents' website appeared to be operational, although the address had been changed to http://bryantstrattonscrewedme.com/wordpress/.[2] The board also expressed concern that the conduct of attorneys W. Scott Ramsey and Dr. David Whitaker, who attended the May 29, 2009 meeting with Hill, may have given Hill the impression that his conduct was permissible.

{¶ 17} Having considered these factors, we conclude that a civil penalty is warranted in this case. We agree with the board that respondents engaged in two distinct instances of the unauthorized practice of law. Based on the flagrancy of the violations and the number of students whose legal claims were affected, we agree that the maximum civil penalty is warranted for each of those offenses. Therefore we impose against respondents, jointly and severally, a civil penalty in the amount of $10,000 for each of the two instances of the unauthorized practice of law, for a total civil penalty of $20,000.

{¶ 18} William Hill and the Advocacy Group, Inc., are enjoined from further acts constituting the unauthorized practice of law, including but not limited to agreeing to represent clients in matters involving legal claims and attempting to negotiate the settlement of legal claims on behalf of others. We also

---

[2] An August 21, 2014 search revealed that the website is no longer in operation.

impose against respondents, jointly and severally, a civil penalty in the amount of $10,000 for each of their two offenses, for a total of $20,000.

{¶ 19} Costs are taxed to respondents.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Michael P. Harvey Co., L.P.A., and Michael P. Harvey; and Ott & Associates Co., L.P.A., and Latha Malini Srinivasan, for relator.

William Hill, pro se.

_____