**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Schroeder,* **Slip Opinion No. 2017-Ohio-8790.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8790

DISCIPLINARY COUNSEL *v*. SCHROEDER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Schroeder,* Slip Opinion No. 2017-Ohio-8790.]**

*Unauthorized practice of law—Responding to debt-collection notice, disputing the debt, and requesting validation of the debt as the authorized representative of purported debtor—Injunction issued and civil penalty assessed.*

(No. 2017-0540—Submitted June 7, 2017—Decided December 5, 2017.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 16-01U.

_____

**Per Curiam.**

{¶ 1} On February 25, 2016, relator, disciplinary counsel, filed a complaint alleging that respondent, Ned K. Schroeder, of Sidney, Ohio, had engaged in a single count of the unauthorized practice of law by responding to a debt-collection notice, disputing the debt, and requesting validation of the debt as the authorized

representative of the purported debtor, James Freytag. Although the complaint was personally served on Schroeder, he did not file an answer. Instead, Schroeder returned the complaint to relator with each page bearing the statements "Rejected" and "THIS LAW DOES NOT APPLY TO ME" along with his signature. (Capitalization sic.) Schroeder did not respond to the complaint or to relator's motion for default, which was supported with sworn or certified evidence in accordance with Gov.Bar R. VII(7)(B). The Board on the Unauthorized Practice of Law granted the default motion, found that Schroeder engaged in the unauthorized practice of law, and recommends that we enjoin him from performing further legal services as well as impose a $2,500 civil penalty.

{¶ 2} We agree that Schroeder engaged in the unauthorized practice of law and that an injunction and civil penalties are warranted.

### Schroeder's Conduct

{¶ 3} Schroeder has never been admitted to the practice of law in Ohio and is not otherwise authorized to practice law in this state.

{¶ 4} In March 2015, the Revenue Group, on behalf of the Ohio Attorney General, sent James Freytag a letter attempting to collect a debt of $24,175.84 purportedly owed by Freytag. Schroeder wrote back, responding as Freytag's "authorized representative" to dispute and request validation of the debt. Schroeder not only made legal arguments in his letter but attached a Debt Collector Disclosure Statement and an Internal Revenue Service Form W-9 (Request for Taxpayer Identification Number and Certification) and demanded that the Revenue Group complete and return them to him. He also attached an invoice from "Aaron Lee Hess® Private Consulting Group" (which shares his address) seeking $100,400 for the Revenue Group's use of the name James Freytag. On these facts, the board found that Schroeder engaged in the unauthorized practice of law.

**Schroeder Engaged in the Unauthorized Practice of Law**

{¶ 5} This court has original jurisdiction regarding admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law in Ohio. Article IV, Section 2(B)(1)(g), Ohio Constitution; *Royal Indemn. Co. v. J.C. Penney Co., Inc.*, 27 Ohio St.3d 31, 34, 501 N.E.2d 617 (1986). Accordingly, we have exclusive jurisdiction to regulate the unauthorized practice of law in Ohio. *Greenspan v. Third Fed. S. & L. Assn.*, 122 Ohio St.3d 455, 2009-Ohio-3508, 912 N.E.2d 567, ¶ 16; *Lorain Cty. Bar Assn. v. Kocak*, 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 16. The purpose of that regulation is to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 6} The unauthorized practice of law is the rendering of legal services for another by any person not admitted or otherwise certified to practice law in Ohio. Gov.Bar R. VII(2)(A). This includes the "preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts." *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 193 N.E. 650 (1934), paragraph one of the syllabus. An individual not licensed to practice law in Ohio who purports to negotiate legal claims on behalf of others and advises persons of their legal rights and the terms and conditions for settling claims is engaged in the unauthorized practice of law. *E.g.*, *Cleveland Bar Assn. v. Henley*, 95 Ohio St.3d 91, 766 N.E.2d 130 (2002); *Cleveland Bar Assn. v. Moore*, 87 Ohio St.3d 583, 722 N.E.2d 514 (1998); *Cincinnati Bar Assn. v. Cromwell*, 82 Ohio St.3d 255, 256, 695 N.E.2d 243 (1998). This is true even if the individual receives no remuneration for those actions. *See Geauga Cty. Bar Assn. v. Canfield*, 92 Ohio St.3d 15, 16, 748 N.E.2d 23 (2001).

**{¶ 7}** Because relator has submitted prima facie evidence that Schroeder disputed the debt owed by Freytag, requested validation of that debt from the creditor, and presented an additional claim on behalf of Freytag, we adopt the board's finding that Schroeder engaged in the unauthorized practice of law.

### An Injunction and Civil Penalties Are Warranted

**{¶ 8}** Having found that Schroeder engaged in the unauthorized practice of law, we adopt the board's recommendation that we issue an injunction prohibiting Schroeder from performing legal services in the state of Ohio unless and until he secures a license to practice law and registers in accordance with the Rules for the Government of the Bar of Ohio.

**{¶ 9}** Relator has also requested that we impose a civil penalty of $2,500 for Schroeder's single act of the unauthorized practice of law. In support of that recommendation, the board considered the aggravating and mitigating factors set forth in Gov.Bar R. VII(8)(B) and UPL Reg. 400. As aggravating factors, the board found and we agree that Schroeder did not answer relator's complaint or attend a scheduled prehearing telephone conference and has refused to acknowledge that he provided legal advice to Freytag. *See* Gov.Bar R. VII(8)(B)(1) and (3). Although the record does not demonstrate that Schroeder's conduct caused any financial harm to Freytag, the board found that his conduct served to undermine public confidence in the judicial system and risked delaying the resolution of Freytag's case. *See* Gov.Bar R. VII(8)(B)(3) through (5). The board also found that Schroeder was warned that his conduct may constitute an act of the unauthorized practice of law. *See* UPL Reg. 400(F)(3)(c). Because the record contains no evidence that he received that warning *before* he engaged in the relevant conduct, however, we do not accord any aggravating weight to that factor. *See id.* (board may consider as aggravating factor the respondent's having been informed *prior to* engaging in the unauthorized practice of law that the conduct at issue may constitute an act of the unauthorized practice of law). There is no evidence that any of the mitigating

4

factors set forth in UPL Reg. 400(F)(4)(a) through (g) are present. Weighing these factors, we adopt the board's recommendation and assess a $2,500 civil penalty for Schroeder's single instance of engaging in the unauthorized practice of law.

{¶ 10} Accordingly, Ned K. Schroeder is enjoined from performing legal services in the state of Ohio unless and until he secures a license to practice law and registers in accordance with the Rules for the Government of the Bar of Ohio. We also order Schroeder to pay a civil penalty of $2,500. Costs are taxed to Schroeder.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

_____