**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Ward,* **Slip Opinion No. 2018-Ohio-5083.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5083

DISCIPLINARY COUNSEL *v.* WARD.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Ward,* Slip Opinion No. 2018-Ohio-5083.]**

*Unauthorized practice of law—Preparing and filing legal pleadings in two court proceedings—Injunction issued and civil penalty imposed.*

(No. 2018-0699—Submitted June 26, 2018—Decided December 19, 2018.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 16-04.

_____

**Per Curiam.**

**{¶ 1}** In a September 2016 complaint, relator, disciplinary counsel, charged respondent, Henry J. Ward Jr., with engaging in the unauthorized practice of law in Ohio. The complaint alleged that Ward provided legal representation to Patricia Marie Petroff-Kline in the administration of her mother's estate by the Medina County Probate Court and in bringing a wrongful-death and medical-malpractice

action on her behalf in the United States District Court for the Northern District of Ohio.

{¶ 2} Ward did not answer relator's complaint, but on December 27, 2016, he faxed a document to relator that he identified as a "Motion to Dismiss, Set Aside and Vacate the Unlicensed Practice of Law Complaint against Henry J. Ward, Jr. Running Wolf, Native American Indian; a historically Independent Paralegal, Attorney-in-Fact, Next Friend, and Tort Litigator. Dismiss, Vacate, Set Aside Board No. 16-04-U." The next day, relator forwarded that document to the Board on the Unauthorized Practice of Law for filing.

{¶ 3} In April 2017, relator filed a motion for summary judgment arguing that no genuine issue of material fact remains and that it is entitled to judgment on its complaint as a matter of law. The board now recommends that this court grant relator's motion, find that Ward engaged in the unauthorized practice of law in Ohio, and impose injunctive relief and a civil penalty of $5,000.

{¶ 4} For the reasons that follow, we agree that Ward engaged in the unauthorized practice of law in Ohio and that an injunction and $5,000 civil penalty are warranted.

**Ward Engaged in the Unauthorized Practice of Law**

{¶ 5} "Summary judgment may be granted when properly submitted evidence, construed in favor of the nonmoving party, shows that the material facts in the case are not in dispute and that the moving party is entitled to judgment as a matter of law because reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party." *Ohio State Bar Assn. v. Heath*, 123 Ohio St.3d 483, 2009-Ohio-5958, 918 N.E.2d 145, ¶ 9; *see* Civ.R. 56(C). Relator has satisfied this standard.

{¶ 6} Ward has never been licensed to practice law in Ohio. Nonetheless, the evidence submitted with relator's motion for summary judgment demonstrates that on March 15, 2016, a document captioned "Emergency Motion for

Continuance to File Report" on behalf of Petroff-Kline was filed in the Medina County Probate Court. Ward signed the motion "Henry J. Ward Jr. Running Wolf, Native American Indian, Attorney-in-Fact, Next Friend, Officer of the Court." Approximately two weeks later, the magistrate assigned to the case recommended that the motion be denied, noting that although Ward was attempting to represent the fiduciary in the probate proceedings, he was not an attorney licensed to practice law in Ohio. And on April 13, 2016, the judge adopted the magistrate's decision.

{¶ 7} Ward also filed two documents on behalf of Petroff-Kline in the United States District Court for the Northern District of Ohio, including a complaint for medical malpractice and wrongful death and a motion and demand for a sequestered trial by jury by the maximum number of jurors. But the judge dismissed the case for lack of subject-matter jurisdiction and noted that Ward could not represent Petroff-Kline in the action because he was not an attorney licensed to practice law.

{¶ 8} This court has original jurisdiction to define and regulate the practice of law in Ohio. Article IV, Section 2(B)(1)(g), Ohio Constitution; *Disciplinary Counsel v. Casey*, 138 Ohio St.3d 38, 2013-Ohio-5284, 3 N.E.3d 168. We regulate who may practice law in Ohio to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 9} We have defined the unauthorized practice of law to include both the "rendering of legal services for another" and the "[h]olding out to the public or otherwise representing oneself as authorized to practice law in Ohio" by any person who is not admitted or otherwise certified to practice law in Ohio. Gov.Bar R. VII(2)(A)(1) and (4).

{¶ 10} "We have consistently held that the practice of law encompasses the drafting and preparation of pleadings filed in the courts of Ohio and includes the

preparation of legal documents and instruments upon which legal rights are secured or advanced." *Lorain Cty. Bar Assn. v. Kocak*, 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 17; *see also Akron Bar Assn. v. Greene*, 77 Ohio St.3d 279, 280, 673 N.E.2d 1307 (1997); *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 193 N.E. 650 (1934), paragraph one of the syllabus.

**{¶ 11}** The undisputed evidence before us demonstrates that Ward has engaged in the unauthorized practice of law by preparing and filing a legal pleading and motions on behalf of Petroff-Kline in two separate but related court proceedings in this state and that relator is entitled to summary judgment in this case.

### An Injunction and Civil Penalty Are Warranted

**{¶ 12}** Because we have found that Ward engaged in the unauthorized practice of law, we accept the board's recommendation that we issue an injunction prohibiting him from further engaging in the unauthorized practice of law in Ohio.

**{¶ 13}** The board also recommends that we impose a civil penalty of $5,000 pursuant to Gov.Bar R. VII(8)(B), which instructs us to consider the (1) the degree of a respondent's cooperation during the investigation, (2) the number of times the respondent engaged in the unauthorized practice of law, (3) the flagrancy of the respondent's violations, (4) any harm that the violations caused to third parties, and (5) any other relevant factors, which may include the aggravating and mitigating circumstances identified in UPL Reg. 400(F).

**{¶ 14}** The board found that Ward did not answer relator's complaint or otherwise admit or take responsibility for his actions. Nor did he participate in the prehearing conference in this proceeding or respond to relator's motion for summary judgment. In fact, his only participation in this proceeding was his December 2016 fax transmission of a motion to dismiss relator's complaint, which he transmitted only to relator.

4

**{¶ 15}** Ward committed the unauthorized practice of law on two occasions in two separate legal proceedings by preparing, signing, and filing legal documents in both the Medina County Probate Court and the United States District Court for the Northern District of Ohio. His conduct was flagrant, though his motion to dismiss suggests that it may have arisen from a mistaken belief that his conduct did not constitute the unauthorized practice of law. The record does not identify any specific harm to Petroff-Kline. Nonetheless, the board found that federal-court resources were unnecessarily wasted by an obvious jurisdictional defect in Ward's federal complaint—i.e., the absence of diversity citizenship or a federal question— that a trained lawyer would have easily avoided.

**{¶ 16}** The board noted that Ward's signing and filing Petroff-Kline's federal complaint as "Henry J. Ward Jr., Attorney-in-Fact, Next Friend and Officer of the Court for Plaintiff" could lead a layperson to mistakenly assume that Ward was admitted to the practice of law in the state of Ohio. His signing of the probate motion as "Attorney-in-Fact, Next-Friend, Officer of the Court," while simultaneously identifying himself as a "Legal Investigative Journalist and Tort Class Action Litigator with CJO NEWS MEDIA WIRE SERVICES INTERNATIONAL," and describing his "Active Occupation" as "That of actively suing, lawyers, judges, county governments, court personnel and politicians & in excess of 60 years (sic) experience in piercing corporate entities & then suing the principles therein and thereabouts, no defeats whatsoever in courtroom litigation in excess of 65 years & ongoing" could likewise lead a layperson like Petroff-Kline to believe that Ward was an attorney licensed to practice law in this state.

**{¶ 17}** Having balanced these factors, we agree that a civil penalty of $2,500 is warranted for each instance of Ward's unauthorized practice of law for a total civil penalty of $5,000. Moreover, we find that that this penalty is commensurate with the civil penalties we have imposed for comparable acts of the unauthorized practice of law. *See, e.g., Disciplinary Counsel v. Schroeder*, 151

Ohio St.3d 606, 2017-Ohio-8790, 91 N.E.3d 743 (imposing a $2,500 civil penalty on a layperson who responded to a debt-collection notice and disputed a debt as the authorized representative of the debtor and then failed to cooperate in the ensuing investigation of his unauthorized practice of law).

**{¶ 18}** Accordingly, we enjoin Henry J. Ward from preparing, signing, and filing legal documents and instruments on behalf of others in the courts of Ohio and otherwise engaging in conduct that constitutes the unauthorized practice of law in Ohio. We also order Ward to pay a $2,500 civil penalty for each of his two offenses for a total penalty of $5,000. Costs are taxed to Ward.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FISCHER, DEWINE, and DEGENARO, JJ., concur.

FRENCH, J., would impose a civil penalty of $2,000, but otherwise joins the opinion.

_____

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

_____