**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Schwab*, **Slip Opinion No. 2021-Ohio-283.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-283

DISCIPLINARY COUNSEL *v.* SCHWAB.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Schwab*, Slip Opinion No. 2021-Ohio-283.]**

*Unauthorized practice of law—Nonlawyer holding self out as lawyer and preparing legal documents for others—Permanent injunction issued and civil penalty imposed.*

(No. 2020-0987—Submitted January 13, 2021—Decided February 4, 2021.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 19-02U.

————————————————

**Per Curiam.**

{¶ 1} In an April 2019 complaint, relator, Disciplinary Counsel, charged respondent, Erica L. Schwab, with engaging in the unauthorized practice of law in Ohio by holding herself out as an attorney and preparing various legal documents on behalf of two other people.

**{¶ 2}** The Board on the Unauthorized Practice of Law attempted to serve relator's complaint on Schwab by certified mail and ordinary mail, the latter evidenced by a certificate of mailing. Although the certified mail was returned by the postal service marked "RETURN TO SENDER[,] UNCLAIMED[,] UNABLE TO FORWARD[,]" the ordinary-mail envelope was not returned. (Capitalization sic.) Therefore, service is deemed complete. *See* Gov.Bar R. VII(6) and (10).

**{¶ 3}** On November 14, 2019, relator filed a motion for default with supporting evidence and a brief in support and certified that those documents had been sent to Schwab by certified mail and ordinary mail. However, Schwab has not answered the complaint or responded to the motion for default.

**{¶ 4}** In a report submitted to the board on March 3, 2020, a three-member panel of the board found that Schwab was in default and that relator had proved by a preponderance of the evidence that Schwab engaged in the unauthorized practice of law. The panel recommended that Schwab be enjoined from engaging in additional acts of the unauthorized practice of law and ordered her to pay a civil penalty of $5,000 for each of the two violations. The board adopted the panel's findings and recommendations.

**{¶ 5}** After reviewing the record, we agree with the board that Schwab engaged in the unauthorized practice of law in Ohio and that an injunction and civil penalty are warranted.

### Schwab's Conduct

**{¶ 6}** The evidence submitted with relator's motion for default shows that Schwab, an Ohio resident, has never been admitted to the practice of law in Ohio and that she has not applied for or been granted pro hac vice status in this state.

**{¶ 7}** In January 2018, Schwab advised her then-fiancé, James J. Gudaitis, that she was an attorney and could assist him in legal matters and serve as the attorney for his church. That month, she prepared a minor-flight agreement on behalf of Gudaitis to waive liability, assume risk, and indemnify. In that document,

she identified herself as "Erica L. Deberadinis-Schwab, Esq." and "Pilot's Legal Counsel."

{¶ 8} In March 2018, Gudaitis visited his mother in Ohio after she had suffered a stroke. During the visit, Gudaitis introduced Schwab to his stepfather, Ray E. Baker. Schwab told Baker that she was a lawyer and agreed to prepare on his behalf a living-will advanced-healthcare directive, a last will and testament, and a self-proving affidavit. She prepared those documents and identified herself as "Erica L. Schwab, Esq." on the signature page of the living will. On March 13, 2018, Baker signed the documents and Schwab notarized his signatures.

{¶ 9} The board found by a preponderance of the evidence that Schwab engaged in conduct constituting at least two instances of the unauthorized practice of law by holding herself out as an attorney and preparing legal documents on behalf of Gudaitis and Baker.

### Schwab Engaged in the Unauthorized Practice of Law

{¶ 10} This court has original jurisdiction over the admission to the practice of law in Ohio, the discipline of persons so admitted, and "all other matters relating to the practice of law," Article IV, Section 2(B)(1)(g), Ohio Constitution, which includes the regulation of the unauthorized practice of law, *Royal Indemn. Co. v. J.C. Penney Co., Inc.*, 27 Ohio St.3d 31, 34, 501 N.E.2d 617 (1986); *Greenspan v. Third Fed. S. & L. Assn.*, 122 Ohio St.3d 455, 2009-Ohio-3508, 912 N.E.2d 567, ¶ 16. The purpose of that regulation is to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 11} We have defined the unauthorized practice of law to include both the "rendering of legal services for another" and the "[h]olding out to the public or otherwise representing oneself as authorized to practice law in Ohio" by any person who is not authorized to practice law under our rules. Gov.Bar R. VII(2)(A)(1) and

(4). In *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 193 N.E. 650 (1934), paragraph one of the syllabus, we held:

> The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law.

We have consistently held that the preparation of wills, powers of attorney, and other legal documents by an individual not admitted to the practice of law constitutes the unauthorized practice of law. *See, e.g.*, *Disciplinary Counsel v. Goetz*, 107 Ohio St.3d 22, 2005-Ohio-5830, 836 N.E.2d 556, ¶ 9, citing *Chelsea Title Agency of Dayton, Inc.*, 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29, ¶ 7; *Akron Bar Assn. v. Miller*, 80 Ohio St.3d 6, 8-9, 684 N.E.2d 288 (1997); *Trumbull Cty. Bar Assn. v. Hanna*, 80 Ohio St.3d 58, 59, 61, 684 N.E.2d 329 (1997).

{¶ 12} The board found by a preponderance of the evidence that Schwab engaged in conduct constituting at least two instances of the unauthorized practice of law by holding herself out as an attorney and preparing legal documents on behalf of Gudaitis and Baker.

{¶ 13} Based on our independent review of the record, we accept the board's finding that Schwab engaged in the unauthorized practice of law.

**An Injunction and Civil Penalty Are Warranted**

{¶ 14} Because we have found that Schwab engaged in the unauthorized practice of law, we adopt the board's recommendation that we issue an injunction prohibiting her from further engaging in the unauthorized practice of law in Ohio.

{¶ 15} The board also recommends that we impose a civil penalty of $5,000 for each of Schwab's two instances of the unauthorized practice of law pursuant to Gov.Bar R. VII(8)(B), which instructs us to consider (1) the degree of a respondent's cooperation during the investigation, (2) the number of times the respondent engaged in the unauthorized practice of law, (3) the flagrancy of the respondent's violations, (4) any harm that the violations caused to third parties, and (5) any other relevant factors, which may include the aggravating and mitigating circumstances identified in UPL Reg. 400(F). *See also Disciplinary Counsel v. Ward*, 155 Ohio St.3d 488, 2018-Ohio-5083, 122 N.E.3d 168, ¶ 13.

{¶ 16} The board noted that although several attempts were made to communicate with Schwab regarding this matter, she failed to move, plead, or otherwise respond to the allegations in the grievance, relator's correspondence, and the complaint. Relator's evidence shows that Schwab engaged in the unauthorized practice of law on at least two separate occasions by holding herself out as an attorney and preparing legal documents for Gudaitis and Baker. Based on Gudaitis's averments that Schwab had falsely represented herself as an attorney on two forms of social media and Baker's averment that Schwab had contacted his insurance agent to request a copy of his wife's life-insurance policy and claimed that she was handling all the family's legal matters, the board found that Schwab's conduct was flagrant. The board also noted that Schwab was indicted in August 2018 on one count of receiving stolen property from Baker's residence near the time of his wife's death. Schwab pleaded guilty to the charge and was sentenced to three years of community control in December 2018.

**{¶ 17}** In light of these aggravating factors, the board found and we agree that a civil penalty of $5,000 is warranted for each of Schwab's two instances of the unauthorized practice of law, for a total civil penalty of $10,000.

### Conclusion

**{¶ 18}** Accordingly, we enjoin Erica L. Schwab from engaging in further acts constituting the unauthorized practice of law in Ohio.  We also order Schwab to pay a civil penalty of $10,000 ($5,000 for each of the two instances of the unauthorized practice of law).  Costs are taxed to Schwab.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

_____