**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Hennessey*, **Slip Opinion No. 2021-Ohio-667.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-667

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* HENNESSEY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Hennessey*, Slip Opinion No. 2021-Ohio-667.]**

*Unauthorized practice of law—Providing services and advice in regard to a personal-injury settlement arising from a motor-vehicle accident— Default—Injunction issued and civil penalty imposed.*

(No. 2020-0986—Submitted January 13, 2021—Decided March 10, 2021.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 19-04.

_____

**Per Curiam.**

{¶ 1} In a May 2019 complaint, relator, Cleveland Metropolitan Bar Association, charged respondent, Lander Hennessey, with engaging in the unauthorized practice of law in Ohio.

{¶ 2} The Board on the Unauthorized Practice of Law attempted to serve relator's complaint on Hennessey by certified mail and by ordinary mail evidenced by a certificate of mailing. Although the certified mail was returned by the postal service, marked "REFUSED UNABLE TO FORWARD," the ordinary-mail envelope was not returned. (Capitalization sic.) Therefore, service is deemed complete. *See* Gov.Bar R. VII(6) and (10).

{¶ 3} On October 23, 2019, relator filed a motion for an entry of default and a brief in support of the motion and certified that those documents had been forwarded to Hennessey by regular mail and certified mail. However, Hennessey has not answered the complaint or responded to the motion for default.

{¶ 4} In a report submitted to the board on January 7, 2020, a three-member panel of the board found that Hennessey was in default and that relator had proved by a preponderance of the evidence that Hennessey engaged in the unauthorized practice of law. The panel recommended that Hennessey be enjoined from engaging in additional acts of the unauthorized practice of law and be ordered to pay a civil penalty of $5,000 for her violation. The board adopted the panel's findings and recommendations.

{¶ 5} After reviewing the record, we agree that Hennessey engaged in the unauthorized practice of law in Ohio and that an injunction and civil penalty are warranted.

### Hennessey's Conduct

{¶ 6} The evidence submitted with relator's motion for default shows that Hennessey has never been admitted to the practice of law in this state. In August 2016, T.M. engaged Hennessey to represent him with regard to injuries he had sustained in an automobile accident.[1] To that end, T.M. executed a power of

---

1. We identify T.M. by only his initials because Hennessey suggested that he may have committed a crime, but the record before us contains no evidence that he has ever been charged with an offense.

attorney designating Hennessey as his attorney in fact. He also executed a promissory note and services agreement in which he agreed that Hennessey would "provide services such as follow, telephone calls, messenger, driver, postage, photos, copies, mileage, investigations, communications, negotiations" in exchange for "25% of the final injury settlement of the motor vehicle collision that occurred on August 5th, 2016."

{¶ 7} In a November 2018 response to a letter of inquiry from relator, Hennessey admitted that T.M. had authorized her to "attend to all matters regarding this car-accident claim." She also admitted that she received 25 percent of the money that T.M. had obtained from his claim. According to Hennessey, T.M. sought help from her even though he already had two lawyers—one working to resolve claims arising from an earlier auto accident and another working on a bankruptcy proceeding. Hennessey asserted that T.M. did not want either attorney to find out about the August 2016 auto accident but that "[t]he bankruptcy court found out [that T.M.] got the settlement, and [T.M.] became upset because he has to pay it back and wants to claim he never received money from the claim when [he] did receive 75% of his funds on September 16, 2016 and I received 25%."

{¶ 8} Based on relator's evidence, the board found that Hennessey had engaged in the unauthorized practice of law by representing T.M. regarding his legal claims and negotiating the settlement of monetary demands on his behalf.

## Hennessey Engaged in the Unauthorized Practice of Law

{¶ 9} This court has original jurisdiction over the admission to the practice of law in Ohio, the discipline of persons so admitted, and "all other matters relating to the practice of law," Article IV, Section 2(B)(1)(g), Ohio Constitution, which includes the regulation of the unauthorized practice of law. *Royal Indemn. Co. v. J.C. Penney Co., Inc.*, 27 Ohio St.3d 31, 34, 501 N.E.2d 617 (1986); *Greenspan v. Third Fed. S. & L. Assn.*, 122 Ohio St.3d 455, 2009-Ohio-3508, 912

N.E.2d 567, ¶ 16. The purpose of that regulation is to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 10} The unauthorized practice of law includes the "rendering of legal services for another" by any person who is not authorized to practice law under our rules. Gov.Bar R. VII(2)(A)(1) and (4). We have held that "one who purports to negotiate legal claims on behalf of another and advises persons of their legal rights and the terms and conditions of settlement engages in the practice of law." *Cleveland Bar Assn. v. Henley*, 95 Ohio St.3d 91, 766 N.E.2d 130 (2002). *Accord Cincinnati Bar Assn. v. Cromwell*, 82 Ohio St.3d 255, 256, 695 N.E.2d 243 (1998); *Cleveland Bar Assn. v. Moore*, 87 Ohio St.3d 583, 722 N.E.2d 514 (2000).

{¶ 11} Having independently reviewed the record, we accept the board's finding that Hennessey engaged in the unauthorized practice of law.

### An Injunction and Civil Penalty Are Warranted

{¶ 12} Because we have found that Hennessey engaged in the unauthorized practice of law, we adopt the board's recommendation that we issue an injunction prohibiting her from further engaging in the unauthorized practice of law in Ohio.

{¶ 13} The board also recommends that we impose a civil penalty of $5,000 pursuant to Gov.Bar R. VII(8)(B), which instructs us to consider (1) the degree of a respondent's cooperation during the investigation, (2) the number of times that the respondent engaged in the unauthorized practice of law, (3) the flagrancy of the respondent's violations, (4) any harm that the violations caused to third parties, and (5) any other relevant factors, which may include the aggravating and mitigating circumstances identified in UPL Reg. 400(F).

{¶ 14} The board noted that although Hennessey responded to two of relator's initial letters of inquiry, she ceased all communication with relator by the end of January 2019 and did not cooperate in this proceeding. Hennessey also denied having engaged in the unauthorized practice of law—when the evidence submitted by relator demonstrates that the opposite is true. Moreover, in her correspondence with relator, Hennessey stated that T.M. sought her representation because he did not want his bankruptcy lawyer to know about any settlement proceeds he might receive as a result of his August 2016 auto accident. And if that is true, by agreeing to represent T.M., Hennessey effectively agreed to participate in an attempt to defraud the bankruptcy court. Although Hennessey stated that the bankruptcy court ultimately learned of the settlement and forced T.M. to disgorge the proceeds to the bankruptcy estate, the board concluded that Hennessey's actions likely required the bankruptcy court to expend some resources to uncover the attempted fraud. Based on these aggravating factors and Hennessey's understanding that her role was equivalent to that of a lawyer, the board recommends that we impose a $5,000 civil penalty in this case.

{¶ 15} In light of these aggravating factors, we agree that a civil penalty of $5,000 is warranted for Hennessey's single instance of the unauthorized practice of law.

### Conclusion

{¶ 16} Accordingly, we enjoin Lander Hennessey from engaging in further acts constituting the unauthorized practice of law in Ohio. We also order Hennessey to pay a civil penalty of $5,000. Costs are taxed to Hennessey.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Mark B. Felber; Tucker Ellis, L.L.P., and Chad Eggspuehler; and Kelli K. Perk, for relator.

_____